WILLIAM MITCHELL v. JOSEPH B. SCOTT AND HIRAM L. BROWN.

*Pleading—Action for wages.*

An action will lie on the common counts for wages fairly earned by past services already rendered under an express agreement of which defendant has prevented full performance.

A special count that states no cause of action supports no proof.

Error to Wayne. Submitted April 24. Decided June 10.

ASSUMPSIT. Defendant brings error.

*Charles B. Lothrop* and *F. H. Canfield* for plaintiff in error. A declaration must state a substantial cause of action, and the omission of averments necessary thereto is not cured by pleading, *Barber v. Taylor*, 1 Mich., 352; *Hurtford v. Holmes*, 3 Mich., 460; *Stoflet v. Marker*, 34 Mich., 313; *Denny v. Quintin*, 28 N. J., 134; the omission to aver a breach of contract in an action thereon cannot be aided even by verdict, Chitty's Pl., 370.

*J. W. Donovan* for defendant in error, argued that the common counts were sufficient to support the action for wages under a contract broken by the defendant, *Blackwood v. Brown*, 34 Mich., 4; *McQueen v. Gamble*, 33 Mich., 344; *Dickinson v. Dustin*, 21 Mich., 561; defects are cured by pleading to the merits, *Aldrich v. Chubb*, 35 Mich., 350; *Hatheway v. Sackett*, 32 Mich., 103.

GRAVES, J. Defendants in error sued Mitchell in assumpsit, before a justice of the peace, and declared orally on all the common counts, and added what was intended to be a special count. They also filed a bill of particulars, and Mitchell pleaded the general issue. Judgment passing in their favor, Mitchell appealed, and on trial in the circuit they again recovered. The case was disposed of on the pleadings made before the

justice, and the only question now raised depends on the soundness of an objection that certain evidence was not admissible under the declaration.

It appears from the record, and is not disputed, that Mitchell hired of Scott & Brown their vessel, the "H. A. Richmond," and her crew, to go from Detroit to Sandusky, and there take on a load of three hundred tons of coal and carry it to Little Traverse, in Michigan, for the compensation of one dollar per ton, free in and out; that defendants in error immediately began performance by sending the vessel to Sandusky, and having her there ready and in waiting to take on and carry the agreed freight, and to continue performance until the undertaking on their part should be accurately accomplished; that the cargo to be provided, however, for their vessel, and intended for it, was taken up by another, and the plaintiff in error not furnishing the agreed freight, and the vessel being unable to obtain it, she was brought back to Detroit, having consumed in the trip three and a half days, including Sunday.

These facts having been shown, defendants in error then gave evidence that the schooner and crew together, and the crew separately, had a market value by the day, and that the usual price for both was about forty dollars; and for captain and crew separately, including board, about twenty-two dollars. This evidence of market value was objected to as tending to prove a different cause of action from that set forth in the declaration.

The objection rests on two propositions—*first*, that the supposed special count contains no cause of action, and will hence support no proof whatever; and *second*, that the case shown by the facts is not one within the scope of the common count for labor and service, and could only be maintained under a special count alleging the breach of contract and demanding particular damage.

For this occasion we may assume that the first proposition is sound and proceed to consider the second, and if that is found to be untenable the objection fails.

The view of the objecting counsel as explained in his brief is that the effect of the evidence was to show a contract executory in its nature, and of which his client had prevented full performance; and that as full execution had not taken place there could be no recovery for the breach under the common count, citing *Cutter v. Powell*, 6 T. R., 320, and *Butterfield v. Seligman*, 17 Mich., 95; that the early doctrine that continued readiness to perform, where actual performance is prevented by the other party, should be deemed real performance, has been overthrown; and that the modern rule is that no recovery can be had in such a case for wages under the common count, but that the action must be special and for the damages caused by the defendant's prevention of performance, and the notes to *Cutter v. Powell*, in 2 Smith, Lead. Cas., and *Howard v. Daly*, 61 N. Y., 362, are cited.

The argument is ingenious, but we think there is failure to make proper distinctions. In *Cutter v. Powell* the service of plaintiff's intestate was under an express agreement by which Powell agreed to pay him ten days after the arrival of the ship at Liverpool, from Jamaica, thirty guineas, provided he proceeded, continued and did his duty as second mate in the ship Parry, from Kingston to the port of Liverpool. He served according to the agreement until his death, which happppened before the ship reached Liverpool. The other party had no agency in preventing full performance. The sole cause of failure was the death of the person who was to render the service.

The court ruled that the express agreement governed, and that by force of its provisions the decedent was bound to perform fully before any right could arise to call upon his employer for anything. The case is not applicable. The same is true of our own case of *Butterfield v. Seligman* and that of *Howard v. Daly* in the New York Court of Appeals. In the former of these there was an attempt to recover under the common counts certain stipulated damages to arise upon a given breach

of a special agreement, the only difference between the case then in question and the usual one for damages caused by a breach of a special agreement, being that in the latter the damages as well as the breach are matter of proof, whereas in the former the damages were fixed by agreement.

We held that the common counts would not cover such a cause of action, and that it would be necessary to set up the agreement and the breach complained of. In *Howard v. Daly* the contract for service was denied, and no service was rendered. The case was considered under different aspects, and among the subjects discussed was whether, in case service was contracted for and the plaintiff had been hindered by the defendant from rendering any whatever, and she had virtually tendered complete performance, the action should be regarded as one for wages, or for damages for the defendant's obstruction of performance. The case is not authority for saying that past services, rendered under an express agreement which the defendant has prevented the plaintiff from fulfilling, will not support an action on the common count for the wages fairly earned by such past services. On the contrary, in that part of the opinion which received the concurrence of the court, it is distinctly implied that an action for wages for past services rendered may be so recovered. p. 369.

In the case before the court the defendants in error entered upon performance and proceeded as far as they could without the co-operation required of the plaintiff in error by the contract. They spent time and rendered service at Mitchell's request, and were compelled to stop by his fault. His conduct authorized them to rescind and reject the contract, and they did rescind and reject it.

The notes to *Cutter v. Powell*, 2 Smith's Lead. Cas., 1 both English and American, sustain the right, and moreover show that in such circumstances the party may recover the wages for the past service actually rendered, under the common counts.

It is laid down as one of the recognized exceptions to the general rule that no action of *indebitatus assumpsit* will lie while the special contract remains unperformed. The decided cases are numerous. Among others see *Planche v. Colburn*, 8 Bing., 14; *Hoagland v. Moore*, 2 Blackf., 167; *Dubois v. Delaware & Hudson Canal Co.*, 4 Wend., 285; *Moulton v. Trask*, 9 Met., 577.

No recovery was sought or allowed for constructive service, or for damage as such. In going to Sandusky and coming back as far as Detroit there was no deviation. The course so far was the agreed course. No coal was brought because the plaintiff in error prevented. He frustrated the contract and it was discarded. No time was charged for except what was used under his request. The evidence objected to was proper evidence to prove the wages which had been earned, and the wages were recoverable under the common count, and no doubt the amount is less than the damages caused by Mitchell's fault.

The judgment should be affirmed with costs.

The other Justices concurred.