JONATHAN BOYCE v. JOSEPH MARTIN.

*Apportionable contract—Change of conditions—Quantum meruit—Interest on advances—Estoppel—Orders for payment.*

Suit on *quantum meruit* lies where the mode of performing an unapportionable contract is so changed that the contract price for what has been done cannot be determined. So *held* where a person was employed to cut and skid logs and put them into Muskegon river at three dollars a thousand, and after cutting and skidding a quantity his employer directed him to cut no more and to put such as had been cut into Cedar Creek, and there was nothing to show what relation the cutting and skidding bore to the whole work.

It is for the jury to determine whether a change in a contract was agreed upon by the parties, under instructions that the burden is on the party relying upon a new contract to prove it.

Interest will not be allowed on advances made under a contract, without an express agreement for it.

One who had contracted to put in logs, afterwards brought suit upon the *quantum meruit,* and it appeared that his daughter acting as his clerk had drawn the orders upon which the wages of the men were paid by the employer. *Held,* that plaintiff could show that he had no knowledge of the form of the orders, as in that case they could not tend to show that he was not acting merely as defendant's agent, and there was nothing in their payment by defendant to estop plaintiff from showing the circumstances under which they were drawn.

Error to Muskegon.    Submitted June 8–9.    Decided June 15.

ASSUMPSIT.    Defendants bring error.    Affirmed.

*Edwin Potter* and *L. N. Keating* for plaintiff in error.

*Nelson De Long* for defendant in error.

MARSTON, C. J.  We cannot concur with counsel for plaintiff in error in this case in his view that there was no evidence to support a recovery under the *quantum meruit* for cutting and skidding logs.  The plaintiff's testimony tended to show an express contract under which he was to cut the logs and put them into the Muskegon river, and that after a certain quantity had been cut and skidded, the defendant directed him to cut no more, and afterwards gave farther directions that such logs should be put into Cedar Creek.  This was such a change in the express contract, mutually agreed upon, as would enable the plaintiff to recover the fair value of the work done.  There was no way under the old contract by which there could be an apportionment, and a part of the contract price allowed where but a part of the work had been done.

Had any portion of the logs been put into the Muskegon river, the contract price could have been allowed therefor. While that contract fixed the rate at three dollars per thousand for the entire work, it did not specify, and there was no evidence showing what part the cutting and skidding would bear to the whole work.  The plaintiff's case did not proceed upon the theory that the change to Cedar Creek was agreed upon as a mere deviation or substitute and that in all other respects the original agreement was to remain in force, and this court cannot determine that question from the evidence ; that was a proper question for the consideration of the jury ; and the theory of both parties was submitted by the court to the jury, with instructions that the burthen of proof was upon the plaintiff in order for them to find that a new contract had been made.

The court committed no error in declining to allow the defendant interest upon the advances made by him.  Under the original agreement and while it was in force the advances were made, and in the absence of an express agreement that he should receive interest thereon, he would not be entitled to make such a charge.

BOYCE v. MARTIN. 241

The testimony introduced by the plaintiff to show that he had no knowledge as to the form of the orders drawn by his daughter and given the men and upon which the defendant paid their wages was proper. If the plaintiff had no knowledge of the form of the orders they could not operate against him or tend to show that he was not acting merely as the agent of the defendant, and there was nothing in the fact of the orders being given and paid by the defendant that could estop the plaintiff from showing the facts and circumstances under which they were drawn.

As we discover no error in the record the judgment will be affirmed with costs.

The other Justices concurred.