## EDSON D. SHULTERS v. STEPHEN D. SEARLS.

*Common counts—Evidence of agreement—Labor contract.*

A man agreed for himself and his wife to work for specific wages and "good farmer's living," as long as the parties were agreed. He became dissatisfied and ceased work, complaining that the "living" was insufficient and unsuitable, and brought an action on the common counts to recover for his services. *Held*, competent for him to show the agreement, the services and their value, and the quality and amount of the "living."

Error to Van Buren. Submitted June 9. Decided June 14.

ASSUMPSIT. Plaintiff brings error. Reversed.

*Lester A. Tabor* for appellant.

*Annable & Fitch* for appellee. Evidence of a contract relation is admissible under the common counts if the plaintiff has fully executed his contract, but is not paid, or if the contract has been abandoned by mutual consent or extin-

guished by defendant, or if what was done by the plaintiff was done under a special contract, but not in the stipulated time or manner, and yet was beneficial to the defendant, and has been accepted and enjoyed by him; 2 Greenl. Ev. § 104; *Begole v. McKenzie* 26 Mich. 470; *Crane v. Grassman* 27 Mich. 443; *Chapman v. Dease* 34 Mich. 375; *Mitchell v. Scott* 41 Mich. 108; but evidence of the quantity and quality of the articles offered in payment under the contract is not proper if not within the bill of particulars. *Williams v. Allen* 7 Cow. 316; *Harris v. Montgomery* 5 E. L. & E. 441; *Day v. Davis* 5 C. & P. 340; *Page v. Pavey* 8 C. & P. 769; *Davis v. Freeman* 10 Mich. 188.

GRAVES, C. J. The circuit court reversed the judgment of a justice of the peace entered on a verdict in Shulter's favor, and he charges error. The action was on the common counts and the plea was the general issue, with notice of set-off and of recoupment. Both parties were at the trial and the defendant took part but offered no evidence. He relied on certain objections to the plaintiff's testimony, and the circuit court made them the ground of reversal. The object of the action was to get pay for services performed for the defendant by the plaintiff and his wife under a special agreement to work for specific wages and on the terms, among others, of being furnished with " good farmer's living." No precise time was fixed, but the service was to continue as long as the parties were agreed; and the plaintiff began in February and kept on till June, at which time he became dissatisfied and quit. He complained that the " living" was wholly insufficient and unsuitable.

The defendant objected to the evidence tending to show the agreement and the service and its value, and he also objected to any showing concerning the quality and amount of " living" furnished, and it was for admitting this evidence that the court below reversed the judgment.

The evidence complained of was competent. It tended to show the service and the circumstances under which it was rendered and received. That the defendant got the

benefit of plaintiff's service under an arrangement which the defendant violated, and that the breach was of such character as to justify the plaintiff in quitting and to remit him to proof of the actual value. The evidence was admissible, and it was for the jury to pass on its weight. If the defendant felt that the testimony was incorrect he should have met it by other proof, or if he believed the jury misjudged in passing on it he should have appealed. There were no points of law to upset the recovery.

The judgment of the circuit court must be reversed and that of the justice affirmed, and the plaintiff will recover his costs of this court and of the circuit court.

CAMPBELL and COOLEY, JJ. concurred.