GEORGE E. BROMLEY v. CLARISSA GOFF.

*Pleading—Declaration—Executory consideration—Mutual promises —Damages—Common counts.*

| 75 | 213 |
| 95 | 357 |
| 75 | 213 |
| 104 | 268 |

1. Where the consideration of a contract is executory, the plaintiff is required to state it in his declaration with a greater degree of certainty and minuteness than in the case of an executed one, to enable the court to judge whether the performance alleged is sufficient; and in the case of mutual promises made upon the strength of concurrent considerations, such promises must be alleged to have been concurrent or obligatory upon both parties at the same time.

2. Damages for the non-performance of an unrescinded contract, not conditioned for the payment of money,—the undertakings of plaintiff not being fully performed, and his damages arising from his not being permitted to perform them,—cannot be recovered upon the common counts by averring performance.

Error to Wayne. (Brevoort, J.) Argued April 10, 1889. Decided June 14, 1889.

Assumpsit. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*J. W. Donovan,* for appellant.

*Charles Kudner,* for defendant.

CHAMPLIN, J. The declaration in this case was in assumpsit, and alleged that in the fall of the year 1887 the parties entered into a written lease and contract, in which the defendant agreed to and with the plaintiff to let and lease to him the restaurant premises in the second story of the northwest corner of Jefferson avenue and Randolph street, Detroit, for and during the time from the date of the lease to May 1, 1889, for the refitting and repairs to be made, and which were immediately made, by plaintiff on said premises, and

certain lunches to be furnished by plaintiff, and he duly fur-
nished the same, at a cost of $500, and for which labor,
materials, and repairs by said plaintiff so furnished he was to
have and enjoy the said premises for the time aforesaid, free
of rents.

The plaintiff averred that in full reliance upon said prom-
ises he proceeded to and did fit up said premises immediately,
and began to build up a trade in the restaurant business, and
expended large sums of money in the repairs of walls, paper-
ing, mending wood-work, repairs of locks and keys, plumb-
ing, carpenter work, painting, buying stoves, dishes, and
fixtures, and generally prepared to do a large restaurant
business in said premises; and that about January 1, 1888,
and after the defendant had long neglected to pay her rent
to the owner of said restaurant building, both defendant and
plaintiff were forcibly put out and ejected from said premises,
without any fault of plaintiff whatever.

Plaintiff further avers that by reason of said breach of con-
tract and failure to perform her contract defendant has
caused plaintiff to lose his restaurant trade and custom, and
to be forcibly turned out from his premises leased of defend-
ant, and to lose the cost of repairs and expenses of advertis-
ing and fitting up and furnishing same, together with a large
outlay made and expended by plaintiff in reliance upon said
lease and contract of possession with defendant, without any
fault or default of his own, but wholly by and through the
default of defendant in failing to keep and perform her said
contract with plaintiff, including the contract incidental
thereto,—her rent paid up, to enable her to hold for plaintiff
the premises aforesaid,—to his damage in all of $1,000.

The common counts in assumpsit were added, under which
a bill of particulars was filed for loss on purchase of dishes
for restaurant, oil-cloth, napkins, spoons, etc., including
time in cleaning up, loss of business, and of plaintiff's own
time.    The plea was the general issue.

On the trial the plaintiff offered in evidence, after proving its execution, the following paper writing, viz.:

"It is hereby agreed between Clarissa A. Goff, of Detroit, Wayne county, Michigan, party of the first part, and George E. Bromley, of the same place, party of the second part, as follows:

" The said party of the first part, in consideration of the covenants herein specified, does hereby let and lease to the said party of the second part the rooms up-stairs on the corner of Jefferson avenue and Randolph street, excepting the three back rooms over No. 81 Randolph street, in the city of Detroit, Wayne county, Michigan, together with the furniture now contained in said premises, from the date hereof until the first day of May, 1889, on the terms and conditions hereinafter mentioned, to be used and occupied for a restaurant and eating-rooms.

" And the said party of the second part does hereby hire the said premises for the term above specified, and does covenant and agree to put said premises in good repair, and fit up the same so as to render it fit for said business, and run the same in a quiet and orderly manner; that he will not keep or sell cigars or liquors on his own account, but agrees to purchase all cigars, liquors, and drinks used on said premises, or in the club-room hereinafter mentioned, from said first party, and pay her therefor the regular retail price; and also that he will cook lunches for the bar-room, when required by said first party, free of charge.

" It is further agreed that said parties hereto are to jointly fit up two back rooms over 81 Randolph street for a club-room, each to pay one-half the expense, and the said party of the second part is to take care of and attend to said rooms, and keep the same in order, and the proceeds of the games therein are to be divided equally between said parties.

"And said party of the second part further agrees that he will not assign nor transfer this lease, or sublet said premises or any part thereof, without the written assent of said party of the first part. And also that he will at his own expense, during the continuance of this lease, keep said premises and every part thereof in as good repair, and at the expiration of the term yield and deliver up the same in like condition, as when taken, reasonable use and wear thereof and damage by the elements excepted.

" And the said party of the first part does covenant that the said party of the second part, on performing the cov—

enants aforesaid, shall and may peacefully and quietly have, hold, and enjoy the said premises for the term aforesaid.

" The covenants, conditions, and agreements made and entered into by the several parties hereto are declared binding on their respective heirs, representatives, and assigns.

" Witness our hands and seals this nineteenth day of October, 1887.　　　　　　　　C. A. GOFF.　　　　[Seal.]
　　　　　　　　　　　　　　"GEO. E. BROMLEY.　[Seal.]

"It it hereby understood and agreed that in case said first party procures a new lease of said premises, or an extension of the present one, said second party is to have the same rights therein as above specified, until the expiration thereof.
　　　　　　　　　　　　　　"C. A. GOFF.　　　　[Seal.]
　　　　　　　　　　　　　　"GEO. E. BROMLEY.　[Seal.]"

Counsel for defendant objected to the admission of the instrument in evidence as incompetent, as there was a material variance in the instrument offered and the declaration in this: That it does not set forth the entire consideration in the lease between the parties. The court sustained the objection, and excluded the testimony.

The plaintiff's attorney then offered testimony to prove that the plaintiff, at the request of defendant, proceeded to pay out money in fitting up a restaurant, and was at large expense and outly at her request. The counsel for the defendant objected, because it all depended upon a written agreement, and the court excluded it because it was set forth in the written contract, and on request of defendant's counsel directed a verdict for defendant.

The errors assigned are upon the rulings of the court.

The consideration for the defendant's covenant for quiet enjoyment during the term for which the premises were demised to the plaintiff consisted of several particulars, viz.:

1. That plaintiff was to put the premises demised in good repair, and fit up the same so as to render them fit for the business of a restaurant and eating-rooms.

2. That the plaintiff would not keep or sell cigars or liquors on his own account, but he agreed to buy and pay for such as were used upon the premises from the defendant.

3. That he would cook lunches for the bar-room, when required free of charge.

4. That he would jointly with defendant fit up and furnish two back rooms over 81 Randolph street, and pay one-half of the expense, and take care of and attend to and keep the same in order.

There may be some question as to whether the fourth subdivision entered into the consideration for the renting, but it cannot be said to be entirely severable from the leasing, as it is plain that without the restaurant and eating-house the club-room would be of no value. It was an adjunct to the premises demised, and the agreements concerning it were entered into in connection with the lease. It is seen, therefore, that the consideration for defendant's promise set out in the instrument offered in evidence is a continuing one.

On the other hand, the letting of the premises described is not the only consideration moving to the plaintiff for occupying the premises, and expending his labor and means in fitting them up. The defendant undertook to sell plaintiff liquors and cigars to be used in his restaurant, and in the club-room at the regular retail price, and also join in fitting up and furnishing the club-room, and to pay one-half of the expense. It thus appears that the promises were mutual, and the consideration concurrent and continuing.

Where the consideration is executory, the duty is imposed upon the plaintiff, in pleading, to state the consideration with a greater degree of certainty and minuteness than in the case of executed considerations, in order to enable the court to judge whether the performance alleged in the declaration was sufficient. And in the case of mutual promises upon the strength of concurrent considerations, it must be stated in the pleading that the promises were concurrent or obligatory on both at the same time. 1 Chit. Pl. (16th Amer. ed.) 387, 388, *303, *304.

The variance between the instrument declared on and the

one offered in evidence was material, and was rightly excluded.

The plaintiff was allowed to and did amend his declaration by inserting the clause in reference to furnishing lunches, but declined to amend further. The amendment did not cover nor cure the variance pointed out.

The plaintiff's counsel contends that he was entitled to introduce his testimony under the common counts. His bill of particulars restricts his claim under the common counts to loss on purchase of dishes and other articles, on plumbing, carpenter work, painting, papering, advertising, cleaning up, on loss of business, of plaintiff's own time, etc.

Loss of time, loss on dishes purchased for one's self, loss on business, and loss on the other items named, are not provable under the common counts in assumpsit.

Neither could a recovery be had under the common counts based upon the contract offered in evidence by averring performance. The agreement broken is not to pay money, nor is the contract rescinded. The undertakings on the part of the plaintiff were not fully performed, and the damages suffered were those which arose from not being permitted to perform them. *Beecher v. Pettee*, 40 Mich. 181; *Pierson v. Spaulding*, 61 Id. 90, 94 (27 N. W. Rep. 865) ; *Butterfield v. Seligman*, 17 Id. 95.

The counsel for plaintiff cites and relies upon the following authorities as supporting his position that the plaintiff was entitled to recover under the common counts in assumpsit, viz.: *Blackwood v. Brown*, 34 Mich. 4; *Aldrich v. Chubb*, 35 Id. 350; *Mitchell v. Scott*, 41 Id. 103 (1 N. W. Rep. 968) ; *McQueen v. Gamble*, 33 Id. 343.

In the last case cited the plaintiff had performed labor for defendant, and brought an action to recover therefor upon the common counts in assumpsit. The defendant set up a contract which he had expressly repudiated, and employed another person in plaintiff's place. The Court held that the

defendant was not at liberty to claim the benefit of a contract he refused to regard, and expressly repudiated, in order to turn the plaintiff out of court.

*Mitchell v. Scott* was a case where the contract was rendered incapable of performance by defendant's act, and the plaintiff rescinded and rejected it, and the plaintiff was held entitled to recover the wages earned by the vessel and crew, but not as damages for the breach of contract.

*Aldrich v. Chubb* does not touch this question.

*Blackwood v. Brown* was an action brought to recover money collected by defendant upon certain securities deposited with him as indemnity for becoming a surety, and which he refused to pay over after his liability as surety had ceased. None of these cases have any analogy to the present.

The judgment must be affirmed.

The other Justices concurred.