PATRICK REYNOLDS v. GEORGE H. REEDER ET AL.

*Contract of employment — Construction — Salary — Time of payment — Pleading — Evidence — Variance.*

1. A contract between a firm and a traveling salesman provided that the salesman should enter upon his duties for the term of one year from the date of the contract, for the sale of $40,000 worth of goods; that he should receive $800 and his traveling expenses; that all mail orders received from his territory should be credited to his sales account; that he should receive, in addition to said salary, 1 per cent. on all goods in excess of $40,000 sold by him, and shipped and paid for; that if, at the end of the year, his sales should fall short of $40,000, 2 per cent. on the deficiency should be deducted from his salary. And it is held that the contract does not provide for monthly payments; that, in view of the fact that money was asked and furnished at intervals, the most reasonable construction is that the salesman was to be paid from time to time on the basis of goods sold and shipped, but not beyond the rate of $800 per annum and traveling expenses.

2. Where the contract received in evidence differs so radically from the one declared upon as to be inadmissible under the special count in the declaration, and the plaintiff, on objection being made, does not choose to amend his declaration, and the findings of fact and law show that the judgment was rendered upon said special count, the judgment will be reversed, and a new trial ordered.

Error to Kent. (Adsit, J.) Submitted on briefs January 23, 1895. Decided March 5, 1895.

*Assumpsit.* Defendants bring error. Reversed. The facts are stated in the opinion.

*Peter Doran,* for appellants.

*Griffin, McDonald & LaGrou,* for plaintiff.

HOOKER, J. Plaintiff brought an action for the breach of a contract of employment. The declaration alleged:

"For that whereas, heretofore, to wit, on the 10th day of October, A. D. 1892, at the city of Grand Rapids, the said plaintiff, at the defendants' request, entered into an agreement with the said defendants, whereby said plaintiff bargained to work for said defendants as a traveling salesman for the term of one year from the 10th day of October, 1892, and said defendants, in consideration of such services, agreed to pay said plaintiff for his said services the sum of $800 a year's services, in monthly installments of $66.66 per month.

"And that whereas, the said plaintiff entered into the employment of the said defendants according to said agreement on the said 10th day of October, 1892, and faithfully and energetically performed his duty as such salesman for four months, and that said defendants on, to wit, the 18th day of February, 1893, disregarding the terms of their said contract, wrongfully and unjustly discharged said plaintiff from their employment, and that, though said plaintiff has been willing and ready, and now is ready, to continue in said employment, and carry out his contract with said defendants, yet said defendants have refused, and still do refuse, to allow said plaintiff to do so, to his damage $300; and therefore he brings suit."[1]

To sustain this count the following contract was offered, and, against defendants' objection and exception, received in evidence, viz.:

"GRAND RAPIDS, MICH., April 7, 1892.
"The following, made this 10th day of October, by

---

[1] The common counts were added.

and between the two undersigned parties, is fully agreed upon by both: October 10, 1892, P. Reynolds commenced the duty of salesman on the road for George H. Reeder & Company, for the term of one year from date, for the sale of $40,000 worth of their goods, consisting of boots, shoes, rubbers, felt boots, socks, and all goods dealt in by the said George H. Reeder & Company, that are shipped to and paid for by the said P. Reynolds' customers. He, the said Reynolds, is to receive $800 and his necessary traveling expenses while out on the road for them. All mail orders received and filled by the said George H. Reeder & Company from the territory covered by P. Reynolds is to be placed to the credit of his sales account. He is to receive, in addition to the above-stated salary, one per cent. on the dollar on all goods sold by him, shipped and paid for, over and above the aforesaid $40,000. If his sales at the end of the year are less than the said $40,000, then two per cent. on a dollar is to be deducted from the amount of his salary for all that he shall fall short of $40,000 on sales.

"GEORGE H. REEDER & Co.
"P. REYNOLDS."

The case appears to have been tried upon the theory of the special count, viz., that the contract was terminated by the defendants wrongfully, and that the damage for the month was $66.66, the amount alleged to be payable monthly.

We think that this contract cannot be said to provide for monthly payments. It would be much more reasonable to say that payments were to be made upon orders taken or accepted, if it can justly be said that anything was payable before the expiration of the year. To hold that the plaintiff was entitled to one-twelfth of $800 monthly would ignore the provision that 2 per cent. on shortage was to be deducted from his salary. The contract does not state the time of payment, nor does it provide for paying back a deficiency; and, unless we are to assume that it is to be paid monthly from the fact that it was a

contract for personal labor, or from the fact that payments were made from time to time, there seems no reason that it should be given a different construction from any other contract providing for certain work by one and payment therefor by another. In such case the natural inference is that payment is to be made on completion of the work.

The brief of counsel asserts that an oral contemporaneous agreement was made that payment should be made monthly, etc., but we find no evidence of that, and need not discuss the value of such evidence were it in the record.

As to the construction said to have been given by the parties by a course of dealing under the contract, if this is a contract so uncertain in its terms as to permit such aids to the construction of a writing, there is nothing conclusive in the conduct of the parties. They do not appear to have made monthly settlements, or made and received payments monthly. Money was asked and furnished at intervals, and it is as consistent to say that such payments were considered advancements on the salary in view of sales. To our minds, the most reasonable construction of this writing is that the plaintiff was to be paid from time to time on the basis of goods sold and shipped, but not beyond the rate of $800 per annum and expenses.

The plaintiff was allowed to recover the sum of $66.66, which the court finds his due upon the basis of $800 a year. This contract was not admissible under the special count, for it was a radically different contract from the one declared upon, and counsel did not choose to amend the declaration when the objection was made. Hence there could be no recovery upon that count, for the reason that the proof did not support it. 1 Chit. Pl. 305, 307; *Bromley v. Goff*, 75 Mich. 213. As the findings of fact and law show that the judgment was rendered upon this

count, we have no alternative but to reverse it and order a new trial.

Ordered accordingly.

The other Justices concurred.