MIDLAND OPERATING CO. *v.* MILLER.

1. CONTRACTS—WORK AND LABOR—BREACH—REMEDY.

As a general rule, a party to a contract, where labor is to be performed, upon breach of that contract, may sue upon the contract and recover damages for its breach, or he may ignore the contract and sue for services and labor and expenses incurred from which he has derived no benefit.

2. SAME—ADVANCEMENT TO AGENTS—SET-OFF AND RECOUPMENT— INSTRUCTIONS.

In an action by an insurance company against an agent to recover a balance due on account for advancements over commissions, where a claim of set-off was interposed by defendant for damages for prevention of performance of the contract, *held*, that an instruction, whether based on the theory that defendant was seeking to recover on *quantum meruit* or on the theory of damages for the breach of the contract, was erroneous in not permitting the jury to find what the services performed were reasonably worth and in allowing recovery by defendant only of the amount of plaintiff's claim.

3. SAME—BREACH—EVIDENCE—SUFFICIENCY.

Evidence *held*, insufficient to show breach of such contract by plaintiff, and not to warrant submission of the case under either the theory of *quantum meruit* or of damages for breach of contract.

4. SAME—ADVANCEMENTS—COMPENSATION FOR EXTRA WORK—EVIDENCE.

Where an insurance agent does not, until sued for advancements, make any claim that certain work done is not included in his contract or that he is entitled to extra compensation therefor, he cannot recover additional compensation, unless he is able to show some agreement, express or implied, that he is entitled thereto.

5. SAME—AGENTS—INSURANCE—EXTRA COMPENSATION.

Where a contract for an insurance agency provides that the agent shall devote his best energies to the interests of the company in developing and maintaining business in his territory, and, on request, investigate, report upon, and

render such other services as are required by the company to effect the discharge of any claims presented by policy holders, services in investigating claims are covered by such contract so as not to warrant additional compensation therefor, where the contract is not modified.

6. SAME—BREACH—COMMISSIONS—COMPENSATION.

Where a contract of employment of an agent on commission is breached by the company the agent should not be permitted to recover commissions in addition to the value of his services.

Error to Wayne; McDonald, J., presiding. Submitted October 4, 1916. (Docket No. 30.) Decided September 27, 1917.

Assumpsit by the Midland Operating Company against Stephen V. Miller and others for moneys advanced on an agency contract. Judgment for defendants. Plaintiff brings error. Reversed.

*Moore & Moore,* for appellant.

*Lodge & Brown,* for appellees.

BIRD, J. Plaintiff entered into a written contract with defendant Miller on September 29, 1911, by which he became the general agent of the Midland Casualty Company in certain counties in this State; that company being engaged in the business of writing health and accident insurance. The contract was to continue for a period of two years, with a reserved right to either party to cancel the same upon 60 days' notice. Defendant Miller's compensation was to be made up wholly of commissions on the business which he should secure. The inference from the record is that Miller was without means to initiate and carry on the agency at the beginning, so plaintiff agreed to advance him $300 per month, with a provision that the advancement should be gradually repaid by commissions beginning on December 11th, in monthly payments of not less than $150. Under this agreement plaintiff ad-

vanced defendant $300 a month for 13 months, amounting in all to $3,900. During this period defendant's commissions amounted to but $682.88, leaving a balance due plaintiff of $3,217.12. Plaintiff canceled the agreement at the end of the 13 months, and sued Miller and his sureties, the other defendants, on their bond to recover the balance.

Defendant pleaded the general issue, and gave notice of set-off, and a further notice that he had been damaged because plaintiff had prevented him from performing his contract. In order to support this contention, he showed that soon after his engagement began plaintiff took over the Preferred Casualty Company, of Detroit, and he was directed to call upon the policy holders of that company and secure their consent to have their insurance rewritten in plaintiff's company, and that this work and the further work of investigating claims of policy holders took his time and energies to such an extent that he was unable to carry out his contract, and therefore was not liable for his default therein. On this phase of the case the trial court charged the jury that:

"It is undisputed that, a couple of weeks after the defendant began to work under the contract, the plaintiff took over another business, the Preferred Casualty Company, and that the defendant was directed to do the work in connection with transferring the policies and adjusting. But there is a dispute as to the amount of work which defendant did and the time which it took him to do it. Defendant says it took him four months to transfer 478 policy holders, and that he spent much time thereafter in investigating and adjusting the claims under the policies, and that the entire commissions for such work, measured by the terms of the contract, did not exceed $25. If such was the character and extent of the work, you will be justified in finding that it wasn't work which the parties had in mind when they made the contract, and was not included in the terms of contract. The plaintiff says that the character of this work was not such as the

defendant claims, that it wasn't different from the other work of securing new policies, new applications, and that it was helpful to the defendant, rather than harmful to him, in procuring business. You will have to determine from the evidence what the facts are in regard to these claims, and if you find that the work of taking over and caring for the business of the Casualty Company involved work and placed upon the defendant duties not contemplated by the parties when the contract was made, and not included within its terms, and that the defendant would have produced the amount of business agreed upon if it had not been for this extra work, that he, the defendant, would be excused from performing the requirements of the contract, and the plaintiff could not recover the commissions advanced. If, on the other hand, the defendant's inability to produce the amount of business agreed upon was due to any other cause, whether lack of ability or whatever cause, the plaintiff can recover the amount of his commissions advanced, less the amount of commissions actually earned by the defendant."

The general rule is well settled that a party to a contract, where labor is to be performed, upon the breach of that contract by the other party, has two remedies open to him. He may sue upon the contract, and recover damages for its breach, or he may ignore the contract, and sue for services and labor and expenses incurred from which he has derived no benefit. *Hemminger* v. *Assurance Co.*, 95 Mich. 355 (54 N. W. 949); *Kearney* v. *Doyle*, 22 Mich. 294; *Mitchell* v. *Scott*, 41 Mich. 108 (1 N. W. 968); *Boyce* v. *Martin*, 46 Mich. 239 (9 N. W. 265); *Shulters* v. *Searls*, 48 Mich. 550 (12 N. W. 695); *Bush* v. *Brooks*, 70 Mich. 461 (38 N. W. 562); *Bromley* v. *Goff*, 75 Mich. 218 (42 N. W. 810); *Moore* v. *Nail Co.*, 76 Mich. 606 (43 N. W. 644).

It is difficult to determine from the charge of the court under which theory the case was submitted to the jury. If we assume that defendant was endeavor-

ing to recover on the *quantum meruit,* the court was in error in not permitting the jury to find what the services actually performed were reasonably worth. He gave them an opportunity to find only one sum, namely, $3,217.12. If we assume the case was intended to be submitted on the theory of damages for the breach thereof, the charge was erroneous for the same reason. The jury were not permitted to find damages in any other amount than the sum of $3,217.12.

But, aside from these considerations, we are of the opinion that the case should not have been submitted under either theory, for the reason that there was no proof to support defendant's claim that the contract was breached by plaintiff by wrongfully preventing him from performing his contract. The record shows that the taking over of the business of the Preferred Casualty Company was advised by defendant, that the business was of the same character as that in which he was engaged, that he induced 478 policy holders to surrender their policies in the Preferred Casualty Company and accept policies in the Midland Casualty Company, that he received a commission thereon, and was entitled to a percentage on renewal premiums, and, further, that he was given credit by the plaintiff for these commissions. While performing this work, defendant treated it as a part of his contract, and at no time, until sued, did he make any claim that the work was not included in his contract, nor that he was entitled to additional compensation therefor. Where a contracting party performs services under such circumstances, he cannot recover additional compensation therefor, unless he is able to show some agreement, express or implied, that he is entitled thereto.

The other item of service which defendant claims prevented his performance of the contract was for time spent in investigating the large number of claims

made against the company. This service was included in his contract, as will be shown by the following provision:

"The agent shall (*a*) devote his best energies to the interests of the company in developing and maintaining business in said territory; (*b*) write applications in said territory as the company may direct; (*c*) furnish all necessary licenses for such subagents as he shall employ; (*d*) promptly, on request, investigate, report upon, and render such other services as the company may require to effect the discharge of any claims that may be presented by policy holders in said territory; (*e*) attend to all other duties that pertain to the business of said agency." * * *

Without some showing that this provision of the contract was modified, such services would be included therein.

It may be well to suggest that, in the event of a retrial, defendant should not be permitted to recover commissions, in addition to the value of his services.

The judgment of the trial court must be reversed, and a new trial ordered, with costs to plaintiff.

Kuhn, C. J., and Stone, Ostrander, Moore, Steere, and Brooke, JJ., concurred. Person, J., took no part in the decision.