### CORMAN CO. *v.* L. A. YOUNG INDUSTRIES.

1. CONTRACTS—BREACH—ACTION FOR SERVICES MAY BE BROUGHT ON CONTRACT OR COMMON COUNTS.

Where, before anything was published, defendant canceled its contract with plaintiff making the latter its agent for the placing of its advertising matter, plaintiff, in an action for its services rendered, properly declared specially on the contract and also on the common counts.[1]

2. TRIAL — IN ABSENCE OF ELECTION COURT PROPERLY SUBMITTED CASE ON QUANTUM MERUIT.

Where plaintiff, in an action to recover for services rendered, after defendant breached the contract, declared specially on the contract and also on the common counts, the trial court was not in error in submitting the case on the *quantum meruit*, in the absence of an election of counts by plaintiff.[2]

Error to Wayne; Webster (Arthur), J. Submitted April 21, 1925. (Docket No. 6.) Decided July 16, 1925.

---

[1]Work and Labor, 40 Cyc. p. 2840; [2]Trial, 38 Cyc. p. 1627 (Anno).

Assumpsit by the Corman Company against the L. A. Young Industries, Inc., for services rendered. Judgment for defendant *non obstante veredicto.* Plaintiff brings error.  Reversed, and judgment ordered entered for plaintiff.

*Douglas, Eaman, Barbour, Rogers & Kennedy,* for appellant.

*Clark, Emmons, Bryant, Klein & Brown (Frederick B. Brown,* of counsel), for appellee.

MOORE, J.  Plaintiff made a contract with defendant whereby plaintiff was made its agent to place its advertising matter for one year and longer unless otherwise revoked.  After plaintiff did the preliminary work the defendant canceled the contract.  Nothing was paid to the publishers.  As defendant had canceled its agreement it was unwilling to pay the demand, and this suit was brought by plaintiff to recover for services rendered.  The declaration contained two counts, one on the contract and another upon the common counts.  The court submitted the case to the jury upon the *quantum meruit,* and reserved the right to set the verdict aside.  The jury rendered a verdict for plaintiff of $1,720.59.  Plaintiff filed a motion to have the judgment increased. The defendant filed a motion to have the judgment set aside.  The court, after hearing these motions, rendered a judgment for defendant *non obstante veredicto.*  Plaintiff assigns error.

Plaintiff made a contract to perform services. While the facts are somewhat different we think the rule of law should apply that is applicable to the employment of servants.  *Ware Bros. Co.* v. *Carriage Co.,* 192 N. Y. 439 (85 N. E. 666, 22 L. R. A. [N. S.] 272, 127 Am. St. Rep. 914).  Plaintiff rendered most of the services it contracted to perform before the con-

tract was canceled. Nothing, however, was paid to the publisher. It sued the defendant and declared specially on the contract, also upon the common counts. This was proper as it was entitled to recover for its services it had rendered, either at the contract price or for what its services were reasonably worth. *Mitchell* v. *Scott*, 41 Mich. 108; *Midland Operating Co.* v. *Miller*, 197 Mich. 567. In the course of the opinion in the latter case, it was said:

"The general rule is well settled that a party to a contract, where labor is to be performed, upon the breach of that contract by the other party, has two remedies open to him. He may sue upon the contract and recover damages for its breach, or he may ignore the contract, and sue for services and labor and expenses incurred from which he has derived no benefit. *Hemminger* v. *Assurance Co.*, 95 Mich. 355; *Kearney* v. *Doyle*, 22 Mich. 294; *Mitchell* v. *Scott*, 41 Mich. 108; *Boyce* v. *Martin*, 46 Mich. 239; *Shulters* v. *Searls*, 48 Mich. 550; *Bush* v. *Brooks*, 70 Mich. 461; *Bromley* v. *Goff*, 75 Mich. 218; *Moore* v. *Nail Co.*, 76 Mich. 606."

We are unable to find that plaintiff made an election of counts, consequently the trial court was in no error in submitting the case on the *quantum meruit*.

The court left it to the jury to say whether there was a custom among advertisers to charge nothing if nothing was published. We think the right to submit this question, under the circumstances of the case, was somewhat doubtful, but we need not determine it as the jury evidently found there was no such custom. Aside from this question, the case appears to have been properly submitted.

As the defendant has assigned no error, a judgment for plaintiff will be entered in the trial court. Plaintiff will recover costs in both courts.

MCDONALD, C. J., and CLARK, SHARPE, STEERE, FELLOWS, and WIEST, JJ., concurred. BIRD, J., did not sit.