## McLAUGHLIN *v.* SHAMALY.

1. APPEAL AND ERROR—QUESTION FOR JURY—EVIDENCE—WORK AND LABOR—MASTER AND SERVANT—PARTNERSHIP.

   In action for work and labor in which defendant claimed the parties were to share in profits, if any, of machine shop business owned by defendant, testimony adduced by plaintiff *held,* sufficient to submit to jury the issues of fact as to whether plaintiff established relationship of master and servant or whether work had been done pursuant to partnership arrangement, especially where it appears plaintiff had sought many times to get defendant to carry out promise to form a partnership.

2. MASTER AND SERVANT—COMMON COUNTS—PREVENTION OF FULL PERFORMANCE.

   An action will lie on the common counts for wages fairly earned by past services already rendered under an express agreement of which defendant has prevented performance.

3. SAME—BREACH OF CONTRACT—REMEDIES AVAILABLE.

   A party to a contract where labor is to be performed, upon the breach of that contract by the other party, may sue on the contract and recover damages for its breach or ignore the contract and sue for services and labor expended, and expenses incurred from which he has derived no benefit.

4. APPEAL AND ERROR—DIRECTED VERDICT—JUDGMENT NON OBSTANTE VEREDICTO—EVIDENCE.

   Defendant's motions for directed verdict and for judgment *non obstante veredicto* in action for work and labor against de-

fendant machine shop owner by party who worked at the shop for about 28 weeks were properly denied, when testimony in the record is viewed most favorably to plaintiff.

Appeal from St. Clair; George (Fred W.), J. Submitted January 8, 1947. (Docket No. 16, Calendar No. 43,529.) Decided April 8, 1947.

Assumpsit by Joseph A. McLaughlin against Joseph Shamaly for work and labor performed. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Walsh, Walsh, O'Sullivan & Schlee,* for plaintiff.

*Watson & Inman,* for defendant.

Boyles, J. Plaintiff brought suit by filing a declaration in the circuit court for St. Clair county alleging that the defendant owed him $4,275 for work and labor done and services performed for the defendant, at defendant's request. In form the declaration was essentially on a common count in assumpsit for work and labor performed, seeking to recover on *quantum meruit* the value thereof. Defendant answered by a general denial and gave notice of a special defense that the plaintiff had engaged in a joint venture with the defendant in which the plaintiff was to have for his services only a share of such profits as the enterprise produced, and that there were no such profits. The case was tried by jury and at the conclusion of plaintiff's proofs the defendant moved for a directed verdict on the ground that the proof "clearly indicates a partnership and not that of master and servant. * * * My position, if the court please, is that this testimony, as viewed in its most favorable light,

certainly conclusively shows that there was never
any agreement between these parties for hire, that
it was always a verbal partnership that they worked
under.''

The court reserved decision on the motion, under
the so-called Empson Act,* the defendant rested his
case without offering any proofs, and the court sub-
mitted to the jury the divergent claims of the par-
ties as issues of fact, as follows:

''It is the claim of the plaintiff in this case that
he went to work for the defendant with the under-
standing that the defendant would form a partner-
ship between plaintiff, Mr. Cross and defendant in
the business of this machine shop which was owned
at that time by the defendant. That relying on this
promise by the defendant, the plaintiff worked from
November 27, 1944 through the 13th day of June,
1945, a total of 28 weeks and 4 days, less 4 days
when he was off because of an injury. The plaintiff
claims he worked on an average of 16 hours a day,
7 days a week with the exception of the last few
months when they did not work on Sunday. That
during this time the plaintiff rendered valuable serv-
ices to the defendant in this business, known as the
Eagle Automatic Products, and that these services
were accepted by the defendant, but that the de-
fendant never formed the partnership, although he
was many times requested by the plaintiff to do so.
It is the claim of the plaintiff that he is entitled to
recover from the defendant, under these circum-
stances, what the plaintiff's labor was reasonably
worth during this period. * * *

''Inasmuch as there was no express agreement
between the plaintiff and defendant which would
create the relationship of employer and employee,
you have a right to consider from the testimony

* 3 Comp. Laws 1929, § 14531, as amended by Act No. 44, Pub.
Acts 1939 (Comp. Laws Supp. 1940, § 14531, Stat. Ann. and Stat.
Ann. 1946 Cum. Supp. § 27.1461 *et seq.*)—Reporter.

whether or not the plaintiff has proved by a preponderance of evidence an implied contract existed. If you should find from the testimony that such implied agreement existed, creating a relationship between the plaintiff and defendant of master and servant, then you may consider from all the testimony whether or not the plaintiff is entitled to reasonable compensation for any work that the evidence may show was done, less any money, if any, which the evidence should show was paid by the defendant to the plaintiff.

"Now, the statement of defendant's claim. It is the claim of the defendant that he and the plaintiff McLaughlin and Pierre Cross, the plaintiff in another similar action, entered into an agreement whereby the plaintiff and the said Cross were to devote their time and experience towards the operation of a machine shop owned by the defendant, and the defendant was to furnish said shop and the capital necessary to place the shop on an operating basis; that the said defendant Shamaly was to furnish all moneys necessary to equip the machine shop and the plaintiffs McLaughlin and Cross were to devote their time and experience towards the venture.

"It is further the claim of the defendant that the terms of said agreement were that if the said plaintiff and the said Cross would come into the venture with him, that he would give them one third of the profits realized by the operation of said business."

The jury returned a verdict of $1,000 for the plaintiff. Defendant's motion for judgment *non obstante veredicto* was denied and judgment entered on the verdict, from which the defendant appeals. The sole question urged for reversal is stated by appellant as follows:

"Should the court have granted defendant's motions for a directed verdict and for judgment *non obstante?*"

There was competent testimony adduced by plaintiff and his witnesses to submit to the jury the issues of fact outlined by the court in the charge. Plaintiff showed that he made repeated attempts to get the defendant to carry out his promise to form a partnership, and that after plaintiff had worked 28 weeks he discovered that the defendant was attempting to sell the shop, machinery and business without any reference to either the plaintiff or Mr. Cross.

"An action will lie on the common counts for wages fairly earned by past services already rendered under an express agreement of which defendant has prevented full performance." *Mitchell* v. *Scott* (syllabus), 41 Mich. 108.

"The general rule is well settled that a party to a contract where labor is to be performed, upon the breach of that contract by the other party, has two remedies open to him. He may sue upon the contract, and recover damages for its breach, or he may ignore the contract, and sue for services and labor expended, and expenses incurred, from which he has derived no benefit.     *     *     *

"The rule laid down by Christiancy, J., in *Hosmer* v. *Wilson*, 7 Mich. 294 (74 Am. Dec. 716), is that—

" 'The plaintiff [defendant] having appropriated and received the benefit of the labor (or, what is equivalent, having induced the plaintiff to expend his labor for him, and, if properly performed according to his desire, the defendant being estopped to deny the benefit), a duty is imposed upon the defendant to pay for the labor thus performed.' " *Hemminger* v. *Western Assurance Co.*, 95 Mich. 355, 357, 358.

No complaint is here made as to the fairness of the charge to the jury. The testimony in the record,

viewed in the light most favorable to the plaintiff, justified the trial court in denying defendant's motions for a directed verdict and for judgment *non obstante veredicto*.

Affirmed, with costs.

CARR, C. J., and BUTZEL, BUSHNELL, SHARPE, REID, NORTH, and DETHMERS, JJ., concurred.