BAXTER REALTY COMPANY *v.* MANNING.

1. Contracts—Substantial Performance—Responsibility for Deviation.

Trial court's finding, in action for breach of contract to move three buildings, that plaintiffs were responsible for destruction of one of the houses, since they failed to obtain necessary clearance from zoning authorities to move the building to an approved location and that plaintiffs' failure made performance by defendant impossible *held,* supported by the record.

2. Appeal and Error—Nonjury Cases—Findings of Fact—Evidence.

Findings of fact by a trial court in a nonjury action will not be reversed on appeal unless the findings are contrary to the clear preponderance of the evidence.

3. Contracts—Breach—Election of Remedies.

Finding of trial court that since defendant was free from fault in destruction of the building, he was entitled to $600 fee paid to him for raising the building to be moved *held,* proper, where plaintiffs had breached the contract by failure to obtain clearance from zoning authorities and defendant could either sue upon the contract and recover for its breach, or ignore the contract and sue for services, labor expended, and expenses incurred from which he has derived no benefit.

---

References for Points in Headnotes

[1] 17 Am Jur 2d, Contracts §§ 404–406, 411.
Modern status of the rules regarding impossibility of performance as defense in action for breach of contract. 84 ALR2d 12.
[2] 5 Am Jur 2d, Appeal and Error § 839.
[3] 17 Am Jur 2d, Contracts §§ 425, 442, 445.
[4, 5] 17 Am Jur 2d, Contracts § 441.
22 Am Jur 2d, Damages §§ 46, 47.
[6, 7] 17 Am Jur 2d, Contracts § 444.
22 Am Jur 2d, Damages §§ 200, 203.
[8] 20 Am Jur 2d, Costs §§ 15, 16.

4. SAME—PERFORMANCE.
Award of trial court to defendant of $900 balance due on the contract for moving two buildings *held*, proper, where defendant had performed his contractual obligation and is entitled to the balance due.

5. SAME—COST OF REPOSITIONING BUILDING.
Award of trial court of damages to plaintiffs for repositioning of house which had been moved to wrong position by defendant *held*, supported by the record.

6. SAME—AMOUNT OF AWARD—MITIGATION OF DAMAGES.
Award to plaintiff of $1,162.25 for repositioning of house, which plaintiff paid under protest, and which defendant had offered to do for $250, is disallowed where record shows no effort on the part of plaintiff to mitigate damages, and case is remanded for modification after reopening of proofs on reasonable cost of repositioning.

7. SAME—BREACH OF CONTRACT—MITIGATION OF DAMAGES—BURDEN OF PROOF.
Normally a defendant in an action for breach of contract has the burden of proving a lack of effort on the part of plaintiff to mitigate damages, but is relieved of such burden when such lack of effort reasonably appears from plaintiff's proofs.

8. COSTS—BREACH OF CONTRACT—NEITHER PARTY PREVAILING IN FULL.
Costs are not awarded in suit for breach of contract, where neither party prevailed in full.

Appeal from Kent; Searl (Fred N.), J. Submitted Division 3 December 7, 1965, at Grand Rapids. (Docket No. 306.) Decided June 14, 1966.

Complaint by John H. Baxter and Baxter Realty Company against David S. Manning, doing business as D & R House Movers for specific performance of a contract to move three buildings and for damages. Countersuit by defendant for money due on the contract. Judgment granted some items and denied others for both parties, ending in a net award

for defendant of $55.92.   Plaintiffs appeal and defendant cross-appeals.   Modified and remanded.

*McCobb & Heaney (William K. Van't Hof,* of counsel), for plaintiffs.

*Rosemary Scott,* for defendant.

T. G. KAVANAGH, J.   The plaintiff owned two lots in the city of East Grand Rapids known respectively as 740 and 744 Bagley street.   At 740 Bagley there was a two-family residence and at 744 there was a single-family residence with a warehouse building in the rear.

On January 31, 1962, plaintiff sold the land to the board of education for the city of East Grand Rapids as part of a site for the construction of a high school. In the sale agreement he retained the right to remove the three buildings and to this end he entered into a contract with the defendant for their removal.

Under the contract the defendant was to move the single-family residence to 717 Bagley, the warehouse building to 661 Croswell, and the two-family residence to a vacant lot on Wealthy, all in the city of East Grand Rapids.

The plaintiff was to pay $600 when each residence was raised, $400 when the warehouse was raised, $500 when each of the residences was positioned, and $400 when the warehouse was positioned for a total of $3,000.

The warehouse and single-family buildings were moved on April 9, 1962, but the two-family residence was not moved and was razed by the contractor who started building the school on April 9, 1962.

This action was brought by the plaintiff for damages for the destruction of the two-family residence,

for reimbursement for the expense incurred in repositioning the single-family residence, and for damages to the property suffered in the move.

The defendant denied liability for the damages alleged and filed a counterclaim for money due on the contract for the placement of the single-family residence and warehouse.

After a trial before the court sitting without a jury, the plaintiff was allowed $1,162.25 for repositioning the single-family house at 717 Bagley and $361.83 for repairs to the warehouse property on Croswell, being a total of $1,524.08.

The defendant was allowed $900 being the sums of $500 and $400 due on the contract for positioning the single-family residence and the warehouse, respectively, $100 tree removal costs and $580 for timber rental for the warehouse property, being a total of $1,580 which resulted in a net award to the defendant of $55.92.

The court allowed the defendant to keep the $600 paid upon the raising of the two-family residence but disallowed plaintiff's claims for the destruction of it and disallowed plaintiff's claims for certain repairs to the single-family house. The defendant's claims for the losses of timbers at the two-family residence and certain rental of timbers at the warehouse were likewise denied.

The matter is before us on appeal by the plaintiff and cross appeal by the defendant. The plaintiff asserts the court erred in denying him damages for the destruction of the two-family house and allowing the defendant $600 for raising it and rental for the timbers placed under the warehouse. The defendant asserts the court erred in allowing the plaintiffs the sum of $1,162.25 for the repositioning of the single-family residence.

The various issues turn on the question of whether there was substantial performance of the contract, and whose responsibility was the deviation.

The trial court held that the plaintiff was, under the agreement between the parties, to obtain a clearance from the zoning authorities to move the two-family residence to an approved location, and since this was not done, the house could not be moved legally; hence the plaintiff, rather than the defendant, must bear the responsibility for its subsequent destruction.

The court treated this failure on the part of the plaintiff as making performance by the defendant impossible. There is ample evidence in the record to support his factual finding and consequently we will not disturb it. *Shaw* v. *Wiegartz* (1965), 1 Mich App 271. Having determined that the defendant was free from fault with respect to the destruction of the two-family residence, the trial judge allowed defendant to keep the $600 paid him for raising the house. This was proper since the plaintiff breached the contract and defendant could either sue upon the contract and recover for its breach, or ignore the contract and sue for services, labor expended, and expenses incurred from which he has derived no benefit. *McLaughlin* v. *Shamaly* (1947), 317 Mich 127. Under either theory $600 is not shown to be an unreasonable figure and we are not inclined to disturb it.

The trial court allowed the defendant the balance of $900 due on the contract for moving the single-family dwelling and warehouse. Defendant did perform his contractual obligation and is entitled to the balance due. The trial court allowed plaintiff $1,162.25 for the repositioning of the single-family dwelling. The cross appeal charges that the court should not have allowed this expense.

The testimony was conflicting about the designation of the location for the placement, but the trial court's judgment that it was not where contemplated under the contract has evidentiary support in the record, and authorizes an award of damages to the plaintiff for such costs.

The cross appeal asserts that the payment of $1,-162.25 by the plaintiff was not justified. This amount was regarded as exorbitant by the plaintiff when he paid it "under protest," and the trial judge acknowledged in his opinion that he was "shocked" by the amount, but allowed the recovery because defendant had not shown such to be unreasonable.

The state of the record, as we find it, shows that the plaintiff paid that amount under protest and that the defendant had offered to do the work for $250. Such a showing, on its face, establishes no effort to mitigate damages, and we regard this as the exception to the general rule that the burden of proof is on the party breaching the contract to establish failure to mitigate.

In *Carter v. State Farm Mutual Automobile Insurance Company* (1957), 350 Mich 535, the Court said at pages 544 and 545:

"The burden of proof in a case of this nature is on the defendant to prove the lack of reasonable efforts to mitigate, *but here the facts in this connection reasonably appear from the proofs of the plaintiffs."* (Emphasis added.)

Payment by plaintiff under protest of such charge as being exorbitant obviates the necessity for defendant to prove lack of reasonable effort by plaintiff to mitigate his damages.

The court should, in the interests of justice, reopen the case and take proofs on the reasonable cost of repositioning the single-family residence at 717

Bagley and modify the award to the plaintiff accordingly.

Remanded. No costs, neither party having prevailed in full.

FITZGERALD, P. J., and HOLBROOK, J., concurred.