CHARLES B. MOON v. EMMETT L. HARDER ET AL.

*Plea puis darrein—Suit by assignee—Common counts—Quantum meruit.*

A plea *puis darrein continuance* that plaintiff has assigned his claim since the filing of the referee's report thereon, is *held* to present an immaterial issue and to be properly disregarded.

The purchaser of a claim under a contract can pursue his remedy in the name of his assignor whether he purchased before suit was brought or afterwards.

Recovery may be had under the common counts in assumpsit for whatever plaintiff has done under a new agreement modifying the contract set forth in the special count.

It cannot be said as matter of law that a court cannot be guided by the contract in determining the *quantum meruit.*

Error to Kent. Submitted and decided April 5.

ASSUMPSIT on a logging contract with a plea *puis darrein* that plaintiffs had assigned their claim after the referee had filed his report. Plaintiffs recovered and defendant brings error.

*Charles G. Hyde* and *R. W. Butterfield* for plaintiff in error. A court cannot treat a plea *puis darrein* as a nullity, *Morgan v. Dyer*, 9 Johns., 254: 10 Johns., 162; *Ludlow v. McCrea*, 1 Wend., 228; *Coles v. Madison*, Breese, 154.

*Reeves & Felker* for defendants in error. An assignment of a demand after suit is brought upon it does not abate the action, *Alexander v. Fink*, 12 Johns., 218; *Peters v. Gallagher*, 37 Mich., 407.

COOLEY, J. The plea *puis darrein continuance* offered an immaterial issue, and was properly disregarded. If plaintiffs had sold their demand,—whether before suit brought or afterwards—the purchaser was still entitled to pursue his remedy in the name of the original contracting party.

The court did not err in holding the plaintiff entitled to recover on the common counts in assumpsit, for what had been done by him on the special contract as modified. The case is governed by *Allen v. McKibbin*, 5 Mich., 449. Nor can we say the court erred, as matter of law, in being guided by the contract in determining the *quantum meruit*. The circumstances—upon which we cannot pass—might or might not render it proper to be governed by it. Nor do we think any error in the allowances made to the parties respectively is shown by the record.

The judgment must be affirmed with costs.

The other Justices concurred.