CHARLES W. GAGE, COLEMAN HITCHCOCK AND ADELBERT S. GAGE v. FREDERICK W. MEYERS.

*Common counts, recovery for part performance of special contract may be had under—Defendant may recoup damages for non-performance—When contract price, measure of value—Evidence—If letters are received on examination-in-chief, answers should be admitted on cross-examination—When contents of letter may be shown—Irrelevant testimony —Charge to jury.*

1. Where a plaintiff has delivered a portion of the articles agreed to be furnished to a defendant, under a written contract, at a price specified therein, and makes default in its further performance, he may recover the value of the articles so delivered, under a common-count declaration, subject to recoupment by defendant of the damages sustained by reason of such non-performance.

2. In such a case, proof of the contract, and delivery of the articles charged for, makes plaintiffs' case, and the contract price of the articles so delivered must be regarded as their value, until the contrary appears.

3. Where letters, constituting part of a contract made between the parties to a suit, are introduced in evidence on the examination-in-chief of one of the plaintiffs, it is error to reject the answers to said letters, offered by defendant on the cross-examination of such witness. The proper order of proofs requires the admission of said answers when so offered, and the defendant should not be compelled to introduce them at a time when, under the rules, he must make the witness his own, and thereby be precluded from questioning any facts contained in such testimony, if untrue.

4. Mere proof of the writing of a letter, the receipt of which is denied by the parties to whom written, is insufficient to allow parol testimony of its contents to be given.

5. Under the contract in this case [see opinion] proof of how long the season lasted for making cutters in 1884 was inadmissible, it appearing that the contract was to be completed during that year without any other qualification as to time of delivery of cutter woods.

6. Testimony showing the kind and character of cutter woods sold to other parties than defendant in 1884, also the manner of doing business prior to making said contract, between plaintiffs and defendant, was irrelevant and immaterial. The rights and duties of the parties in relation to the cutter woods in suit, were governed by said con-

tract, and the testimony as to workmanship and material should have been confined to those specific articles.

7. Where a written contract consists of the correspondence between the parties, which is undisputed, the trial court should instruct the jury what such contract contains, and give them its legal construction and allow the jury to apply the law, as thus given, to the facts in the case.

8. The second and fourth requests of defendant's counsel should have been given to the jury. [See opinion for requests.]

Error to Kalamazoo. (Mills, J.) Argued January 15, 1886. Decided January 20, 1886.

Assumpsit. Defendant brings error. Reversed. The facts are stated in the opinion.

*E. M. Irish*, for appellant:

The plaintiffs cannot recover under the common counts. The testimony discloses the clearest kind of a special contract, which plaintiffs refused to perform: 2 Greenl. on Ev. § 104; *Butterfield v. Seligman*, 17 Mich. 95; *Carpenter v. Butterfield*, 34 Mich. 97; *Heyerman v. Kanter* 36 Mich. 316; *Phippen v. Morehouse*, 50 Mich. 537; the practice and course of dealing between plaintiffs and defendant in previous years was inadmissible: *Hinman v. Eakins*, 26 Mich. 82; *Larkin v. Mitchell & Rowland Lumber Co.*, 42 Mich. 296, 301; it is the duty of the court to construe a written agreement, and charge the jury upon any question that may arise on it: *Thompson v. Richards*, 14 Mich. 172, and authorities cited at foot of page 173; 1 Chitty on Contracts, 11 Am. ed. p. 103, and authorities cited.

*Dallas Boudeman*, for plaintiff:

Plaintiffs can recover on the common counts for the value of the two car-loads of cutter woods delivered and accepted by defendant: *Begole v. McKenzie*, 26 Mich. 470; *Mitchell v. Scott et al.*, 41 Mich. 108; *Moon v. Harder*, 38 Mich. 566; and the contract price will be presumed to be such fair market value in the absence of proof to the contrary.

The rejection, on cross-examination of plaintiff, of defendant's answer to a letter put in evidence on the direct examination, was not error, for the reason that defendant introduced the same on his defense, and it was read to the jury. Parol proof of the contents of the letter written to defendant,

was admissible. Notice had been given to defendant to produce all letters received from plaintiffs, which he claimed to have done. Plaintiffs claimed otherwise and had the right to show that letters had been written and mailed to defendant and leave it for the jury to say whether they were received by defendant. Also to give their contents from recollection. [The record shows that the witness testified to *writing* the letter to defendant, but is silent as to whether letter was ever *mailed.* See head note 4.—REPORTER.]

SHERWOOD, J. The plaintiffs in this case are manufacturers of cutter woods, doing business at Homer, New York.

The defendant is a manufacturer of cutters and buggies, and carries on the business extensively at Kalamazoo, Mich., under the name of the Kalamazoo Wagon Company.

In March, 1884, the parties made a contract by which the plaintiffs were to furnish defendant with 1,000 cutter woods for the season of 1884, delivered on board of cars at Homer, for five dollars each. The contract was made by letter correspondence between the parties, wherein it appears that the plaintiffs were permitted to deliver the cutter woods and forward them any time after the first of July, 1884. Bills for the cutters were to be dated, for half, September 1, 1884; and half, November 1, 1884; and each payable four months after date.

The agreement, however, was conditioned upon the plaintiffs making some concessions upon previous dealings of the parties, which it is conceded by the parties were agreed upon, and were accordingly made, and this condition needs no further consideration.

On the twenty-seventh of June following the defendant ordered two car-loads of cutters under the contract, which were received and settled for. They seem to have no particular connection with the contention of the parties in this case, and may not, therefore, be further noticed.

September 22d the plaintiffs notified defendant by letter that they had a good stock of cutters on hand; that the defendant's order was not yet filled; and that plaintiffs would like to make an early shipment to the defendant, if he could take care of them. On the twenty-fifth of September, in

reply to this letter, the defendant wrote plaintiffs as follows:

"We dare not use any more of your swell-cutter woods; fully 415 of all those we have had from you this season are opening up on the back where the ship-lap is."

To this letter the plaintiffs, on the twenty-seventh of September, made the following reply:

"*The Kalamazoo Wagon Co.*—GENTS: Your favor of the twenty-fifth inst. rec'd and noted. Referring to your letter of March 20th, we see terms and concessions on our part in consideration of which you place your order with us for 1,000 cutters. All the specifications have been faithfully carried out on our part, and we are surprised that you take the course you write of in above letter. We know that your complaint relating to the ship-lap joints is unjust; for parties who use and are using double the number of our cutters inform us that they have not had a joint open this year, and we are justified in saying that the cause of said trouble is caused by your own negligence in allowing your rubbers to turn the cutter runners up and the back to literally stand in a puddle of water. If this be not the case, the water is allowed to run upon and into the inside of the joint, causing it to open. We know this to be fact, because the joint will open under no other conditions whatever. The unjustness of your claims, and owing to a petty rivalry betwixt your home concerns, must not be laid to our door; nor can we submit, and we will not release you from taking the balance of your order. As we said in our last letter, we have a good supply of cutters on hand, and are ready to ship your order entire. In relation to price, you are getting your cutters for less money than any other firm in the U. S. from us."

The defendant, in response, made the following reply, September 29th:

"*Gage, Hitchcock & Co.*—GENTS: Yours 27th rec'd and noted. In reply would say, we do not handle your cutters as you infer we may. Fully ¾ of the cutters you have sent us this season are opening at the ship-lap. As you seem to doubt our statement, would suggest you send a man up here to look them over, and if we cannot verify it we will stand the expense of the trip. As to the petty rivalry you speak of, we are not aware that that is any of your business. Mr. Pratt, of the firm of Pratt & Chase, informed us that Lane bot his swells of you at 3.00, delivered in Kal. Said Lane told him so, and had also written him to that effect. We claim

our money is just as good as Lane's, or any other man's, and we expect to buy just as cheap as any one. The gear in the cutters you sent are *not* as good timber as heretofore. Now, we have this to say : If you will allow us what the expense is of repairing these woods, and in the future send us good, smooth woods, that will not open up in the back, we will take the balance of the 1,000 contracted for. But we do not want and will not accept any such rough, imperfect woods and poor timber in the running-gear as you have sent us this year. We also want all woods loaded in large cars, and want screws, etc., to fasten the bottoms in. If this is satisfactory to you, you may load and ship a car at once; if not, you may cancel any orders we may have with you."

On the fourteenth of October the plaintiffs shipped a carload of 140 cutters to the defendant, and November 15, 140 more, and when requested, on the eighteenth of December, to send more cutters, plaintiffs responded, on the twentieth of December, that they were all out of cutters, and could not fill the order of defendant.

We have failed to discover from the correspondence of the parties that the cutter woods received after the twenty-ninth of September were not delivered under the contract of March previous. It appears they were delivered and received in the same way as those forwarded before.

The plaintiffs certainly did not inform the defendant that they had canceled the contract, either under the requirements of the defendant or for any other reason, until long after the time for them to perform had expired ; but on the contrary when anything was said upon that subject by the defendant, the letters of the plaintiffs show the intention on their part to hold the defendant to a full performance of the contract, and they assert their intention and readiness to fulfill on their part.

At the contract price, the last two car-loads amounted to $1,400; and nothing having been paid therefor by the defendant, the plaintiffs brought this suit in assumpsit against the defendant to recover for the same.

The plaintiffs' declaration was upon the common counts, accompanied by a bill of particulars, giving the two car-loads of cutters as the items therein.

The defendant pleaded the general issue, and gave notice of the special contract, averring non-performance thereof by the plaintiff, and claiming damages by way of recoupment.

The cause was tried at the Kalamazoo circuit, before a jury, and the plaintiffs obtained judgment for $1,424.54 damages.

The defendant brings error.

The entire contract between the parties, whether original, or by modification, was in writing or by telegram ; and these alone, with the proofs of delivery of the goods to the extent they were furnished, and which was not controverted, constituted all the testimony to support the plaintiffs' case. When this evidence was in, the defendant's counsel claimed the proofs showed a special contract, and no recovery could be had under the common counts, and moved to strike out the plaintiffs' evidence. This motion was denied.

We think the ruling was correct. The delivery of the cutter woods was not denied, and the contract stated the agreed price, which must be regarded as their value until the contrary appears; and it can make no difference whether the contract was executed or executory, if either party had refused or neglected to perform it, and this was claimed to be the case by the defendant. · The plaintiffs in such case, in the plaintiffs' view, were entitled to recover the value of the goods actually furnished, subject to deductions to be made therefrom, to the extent of the damages sustained by the defendant by reason of the plaintiffs' non-performance : *Begole v. McKenzie*, 26 Mich. 470 ; *Mitchell v. Scott*, 41 Mich. 108 ; *Moon v. Harder*, 38 Mich. 566 ; *McQueen v. Gamble*, 33 Mich. 344; *Hoagland v. Moore*, 2 Blackf. 167 ; *Dubois v. Delaware & H. Canal Co.* 4 Wend. 285 ; *Moulton v. Trask*, 9 Metc. 577.

When the plaintiffs were making out their case, one of them was sworn, and their counsel was permitted to put in evidence the letters which constituted a part of the contract, to show what was done thereunder. Upon the cross-examination, defendant's counsel offered in evidence a portion of the remainder of the correspondence relating to these same sub-

jects—letters which were in reply to those introduced by the plaintiffs' counsel. This was refused on the ground that the testimony was hearsay, and not proper cross-examination.

This ruling was error. The testimony was material, and not subject to the objection taken. The proper order of proofs required the admission of this testimony when it was offered, and the defendant should not have been compelled, if he had it at all, to put it in at a time when, under the rules, he was obliged to make the witness his own, and thereby preclude himself from questioning any facts contained in the testimony, if untrue.

We also think the exception taken in the third assignment of error must be sustained. It was sought to show the contents of a letter written by plaintiffs to defendant without producing the letter. Something more than proof of the writing the letter (when the defendant testifies he never received it) was necessary to be shown before its contents could be given.

It was error to allow testimony of witnesses as to how long the season lasted for making cutters in 1884, as it appears by the terms of the contract it was to be completed that year without any other qualification as to the time when the cutters were to be delivered.

We think also the plaintiffs' testimony showing the kind and character of cutters sold to other parties than the defendant, and what had been the custom and manner of doing business between these parties previous to the making of the contract for the 1,000 cutters, was improperly received. The rights and duty of the parties in relation to the cutters for which suit is brought could only be governed by the contract made therefor, or as subsequently modified.

There was no question of previous practice or custom involved in the case. No question seems to have been made that the contract was ambiguous or imperfect, in any particular.

One of the plaintiffs' witnesses testified that the plaintiffs made and shipped cutters to a dozen different parties in

1884; that there was no difference between the cutters shipped to defendant and the other parties; that they were all made by the same workmen, and came from the same stock; that the only difference was that the defendant picked out wide dashes; that they were all made of the same material. This testimony was objected to as irrelevant and immaterial, and the objection was overruled. The exception to this testimony was well taken. The workmanship and materials in the manufacture of the cutter woods contracted for and delivered to the defendant were alone in issue, and the testimony should have been confined to those.

The court left it to the jury to determine what the contract was, and also to construe the same. The contract being in writing, such as it was, and none of the correspondence constituting it being disputed, we think the court should have told the jury what the contract contained, and given to the jury its proper legal construction, and allowed the jury to make the application of the law, as given by the court, to the facts in the case.

The following requests we think should have been given as requested by defendant's counsel:

"*Second.* The letters introduced in evidence in this case show a special contract between the plaintiffs and defendant, by which the one agreed to sell and the other to buy 1,000 cutter woods, and evidenced by the letter written by the defendant March 20, 1884. The plaintiffs could have shipped the cutters at any time after July 1, 1884, and the defendant would have been liable for them."

"*Fourth.* If the jury find that, on the twentieth of December, the plaintiffs notified the defendant that they would not fill his order, this was a breach of contract on the part of the plaintiffs, and the defendant under his notice of recoupment is entitled to recover such damages for said breach as he has been able to prove."

We have now considered all the rulings we deem necessary in disposing of the case. The record presents other questions which were argued at the hearing, but none that will be likely to be raised on a re-trial of the case.

The judgment at the circuit must be reversed, and a new trial granted.

CAMPBELL, C. J., and MORSE, J., concurred in the result.

CHAMPLIN, J., did not sit.