## KENDALL *v.* CHAPEL.

1. MASTER AND SERVANT — ACTION FOR SERVICES — APPEAL AND ERROR—ESTOPPEL TO ALLEGE ERROR.

   Where, in an action to recover for services, no requests to charge were presented and no intimation given to the court that counsel claimed that the jury might consider the contract price in determining the value of plaintiff's services, but counsel agreed with the court that, if the contract was as defendant claimed, plaintiff could only recover what his services were worth, plaintiff cannot allege error on an instruction that in that case the contract compensation cut no figure.

2. SAME—INSTRUCTIONS—CONSTRUCTION.

   Where, in an action for services rendered under a contract to pay therefor a percentage of defendant's receipts, the court charged that if the jury found the contract as stated by plaintiff he could recover his commission, but if they found it as claimed by defendant he could not recover his commission, but only what his services were worth, that the question of commissions was out of the case, such charge did not say to the jury that they could not consider the contract price in determining the value of plaintiff's services.

3. SAME—CONTRACT OF EMPLOYMENT—CONSTRUCTION.

   A servant agreeing to work a year for a percentage of the master's receipts, and leaving before the year is up, cannot recover more than the proportionate part of the entire year's receipts, though he worked that part of the year when the receipts were the greatest.

Error to Kent; Perkins, J. Submitted January 25, 1907. (Docket No. 116.) Decided April 2, 1907.

Assumpsit by Eugene L. Kendall against William A. Chapel for work and labor. There was judgment for defendant, and plaintiff brings error. Affirmed.

*C. G. Turner,* for appellant.

*McKnight & McAllister,* for appellee.

BLAIR, J. Plaintiff brought suit on the common counts to recover for services rendered to an architect under an express contract, stated by him in his testimony, as follows:

"This was a proposition I went and made to Mr. Chapel myself voluntarily, and I continued there from time to time as I have stated. I had a talk with Mr. Chapel in December, 1900, and agreed to stay the next year and work for him, do such work as he had there in the office, that he would pay me ten per cent., and that is what he stated to me at that time, and I went along and did the work there as I have stated, and in addition to what I did as an apprentice there, as an office boy, I did some copying, copied some on the typewriter. Mr. Chapel made up the specifications that I had to copy from, and I did some copying on the tracing after he made the original, and looked after the office and attended the telephone, and made myself generally useful.

"Q. And that is what he wanted you there for, and you agreed to stay with him that next year on that basis?

"A. It run along through 1901, and I continued along in 1902 doing the same work and on the same arrangement, and in March, 1903, I had a talk with Mr. Chapel, and he agreed to give me fifteen per cent., commencing from January for that next year, but there was no reference to time made. There was before that time; there was when I first entered the office. I began in 1901 on the ten per cent. basis for that year, and I continued the next year on the same basis. I started in on the third year on the 21st day of March, was to have the ten per cent., and I continued on the fourth year as I have stated. I commenced on the 21st day of March, 1903, on the fifteen per cent. basis, and I continued on the fourth year, as there was nothing said about time at all. All that was said I have stated it. He was not hiring for a day, I don't suppose. * * * There was nothing said about the time. There has never been anything said only relative to the time the first year. * * * I was to receive ten per cent. for 1901, if I stayed there the whole year."

According to defendant's testimony, the contract was:

" The next year I figured I could give him ten per cent. of the earnings, as I wanted somebody in the office all the time to attend telephones and matters as much as he

could when I was away. The matters that I wanted him to attend to, the telephone to answer, and to get plans and show to contractors if they came in for information, and to be there to do general office work; If I left any drawings there for a contractor to get, I wanted him to be there to deliver them. My business required me to be out of the office a great deal of the time superintending constructions, etc. That year I made a proposition to him to pay him ten per cent., providing he stayed the whole year and could depend upon him, and he agreed to do it. It run along 1901 and 1902; there was nothing more said until the last of 1902 or the first of 1903. I told him he could do a little better, and I would give him fifteen per cent. on the same basis if he remained the year out, so I could depend on having a man for a year. * * * He came back March 15, 1904, and remained until about the 1st of June, on the same basis, and that is all the work he did for me in 1904. He came back on the same arrangement as before."

The court submitted the case to the jury to determine what the contract was, and instructed them as to the measure of damages. The jury found for the defendant, and plaintiff brings the case to this court by writ of error.

The assignments of error relate to the charge, and only three of them are relied upon in appellant's brief. The portions of the charge complained of relate to the measure of damages, and are quoted in appellant's brief, as follows:

" ' On the other hand, if you find the contract to have been as the defendant claims, namely, that the plaintiff was to receive the compensation named only on condition that he remain throughout the year and perform the services required of him and agreed upon, then under the admitted facts in this case, the plaintiff is entitled to recover only such sum as his services actually rendered are reasonably worth. Should you find for the defendant as to the contract, you will ascertain under the evidence the amount and value of the plaintiff's services over and above any payments shown to have been made, and render your verdict for such balance.' * * * Again, the court said: 'On the other hand, if the time was fixed and it was employment from year to year, it is conceded he did not stay the year, then if you so find, he would be

entitled to recover what his services were reasonably worth, as you may find the amount to be from the evidence in the case.' And then again: 'I think it is clear, just one question, what was the contract? The measure of damages in the one case will be according to the compensation agreed upon for work done while in the defendant's employment, and, in the other case, *question of commissions does not cut any figure;* it is only what his services were reasonably worth.'"

The gist of plaintiff's complaint of the charge is that the court erred in charging the jury that, under the defendant's theory of the case, the commission provided for in the contract cut no figure in determining what the plaintiff's services were reasonably worth. In support of his contention, counsel for plaintiff cites *Gage* v. *Meyers,* 59 Mich. 305, *Fuller* v. *Rice,* 52 Mich. 437, *Howell* v. *Medler,* 41 Mich. 643, and other cases. See, also, *Sheldon* v. *Leahy,* 111 Mich. 29. Whether or not there was technical error in the portions of the charge quoted, we do not think plaintiff should be permitted to question them, because:

1. Plaintiff's counsel agreed with the court that the rule stated in the two excerpts first quoted was the correct rule, and warranted the court in believing that he consented that the rule stated in the third excerpt was the same as that stated in the first and second. On the trial, the following occurred:

"*The Court:* That is a question of fact for the jury to determine. If the jury should find the contract as Kendall claims it, then Kendall is entitled to the compensation he claims; if they should find that the contract was as the defendant claims it, then Kendall is entitled to recover only so much as his services were worth.

"*Mr. Turner:* That is true."

No requests to charge were presented and no intimation was given to the court that counsel claimed that the jury might consider the contract price in determining the value of plaintiff's services. Furthermore, the circuit judge did not say to the jury that they could not consider the

contract price. In effect, what he said was that, in the one case, plaintiff would recover his commission or percentage; in the other, he could not recover his commission, but only what his services were reasonably worth; that the question of commissions was out of the case.

2. Plaintiff, under the contract, as stated by defendant, was entitled to a percentage of the gross receipts for the entire year by working the entire year, and, if he could recover at all on the basis of commissions for a service of two months and a half, he could only recover the average rate for the entire 12 months. He could not select the period when the receipts were greatest and make such receipts the basis of computing his percentage. Defendant testified:

"In 1903 the earnings were $1,150; fifteen per cent. of that would be $172.85; average per month of $14.84. Kendall claimed $30.72; deducting, for the lost time, $3.48, would leave a balance overpaid of $12.82 for 1903; that is, overpaid Kendall on account. 1904 the earnings were $1,701.67; that is, for the whole year. Total at fifteen per cent. would equal $255.24; average per month $21.26. Kendall worked for two months and a half; would equal $53.17; paid Kendall on account in 1904, $60.55, which would leave a balance overpaid on 1904 of $7.58. Overpaid Kendall, taking the totals overpaid of $12.72 and $7.50, would make $20.32, and deduct from that what he did owe him in 1902, $16.82, I make out that he is indebted to us $3.48. That is a correct statement of my books, and of the business I did, taken right off the books. That is the book of my accounts, and Mr. Kendall had access to it, and that is the total amount that he received."

The plaintiff put in no testimony as to the value of his services apart from the contract provision, and, under the testimony of the defendant, he got all the benefit he was entitled to of that provision.

The judgment is affirmed.

MONTGOMERY, OSTRANDER, HOOKER, and MOORE, JJ., concurred.