Appeal from Seventh District.

## ARMSTRONG v. LARSEN.

No. 3378. Decided December 3, 1919. (186 Pac. 97.)

1. CONTRACTS—NECESSITY OF INSTRUCTIONS AS TO RIGHTS OF PARTIES UNDER UNAMBIGUOUS CONTRACT. Where the terms of a written contract sued upon are neither ambiguous nor uncertain, it is the duty of the court to construe the contract and to advise the jury of the respective rights of the parties thereunder. (Page 350.)

2. APPEAL AND ERROR—REFUSAL OF INSTRUCTIONS EXPLAINING UNAMBIGUOUS CONTRACT PREJUDICIAL ERROR. In an action for breach of a contract to deliver lambs sold, where defendant claimed that the agreement required only wether lambs born of his herd to be delivered, which requirement did not appear in contract, it was prejudicial error to refuse to instruct, as requested, that contract was not so limited.[1] (Page 350.)

3. TRIAL—ERROR IN REFUSING INSTRUCTION NOT CURED BY INSTRUCTION GIVEN. In an action for breach of a contract to deliver lambs where defendant claimed that only wether lambs raised from his own herd were to be included, refusal of an instruction that the contract did not contain such a limitation *held* not cured by another instruction merely to the effect that the breach of the contract gave rise to a cause of action for damages; such instruction being in no sense an interpretation of the legal rights of the parties.[2] (Page 351.)

4. EVIDENCE—ENTIRE CONVERSATION RELATING TO ACCORD AND SATISFACTION ADMISSIBLE. In an action for breach of a contract to deliver lambs sold, wherein defendant alleged the making of a subsequent contract that only wether lambs born of his own herd were to be delivered, it was error to refuse to admit the entire conversation relating to such subsequent agreement, since if it had existed it would have been one of accord and satisfaction. (Page 351.)

5. TRIAL—INSTRUCTION SUBMITTING ISSUE OF BREACH OF CONTRACT, NOT APPLICABLE TO ISSUE, ERROR. In an action for breach of a contract to deliver lambs, where defendant while admitting the breach claimed the subsequent contract provided merely for the delivery of wether lambs born of his own herd, instructions submitting the issue of breach to the jury *held* erroneous. (Page 353.)

---

[1] Citing *Bank* v. *Peterson*, 33 Utah, 209, 93 Pac. 566, 126 Am. St. Rep. 817.

[2] *Bailey* v. *Spalding-Livingston Co.*, 43 Utah, 535, 136 Pac. 962,

Appeal from Seventh District Court, Sanpete County; *George Christensen,* Judge.

Action by John Armstrong against James Larsen.

Judgment for defendant, and plaintiff appeals.

REVERSED and REMANDED, with instructions.

*Dilworth Woolley,* of Manti, for appellant.

*James W. Cherry,* of Mt. Pleasant, for respondent.

GIDEON, J.

This is an action for breach of contract. On March 12, 1917, plaintiff and defendant entered into the following written agreement:

"This contract between James Larson of Mt. Pleasant, Utah, and John Armstrong of Ephraim, Utah, the said James Larsen agrees to sell 1,000 lambs to John Armstrong and deliver them on his farm in Pigeon Hollow October 5th, or 6th, 1917, for ten cents per pound, said lambs to be weighed up dry with dry fleeces after twelve hours stand in dry corral; all body wrinkles, scrubs, beaters, lame and sick cut back; said lambs to be dipped if there is dipping order and to pass inspection at time of delivery; said James Larsen hereby acknowledges receipt of fifty cents per head as part payment; that balance of purchase price to be paid at time of delivery."

The foregoing contract is alleged in the complaint; also, the delivery of 511 of the 1,000 lambs. Damage is claimed for failure to deliver the full number specified.

The answer admits entering into the written contract, but alleges:

"That in addition thereto the said parties expressly agreed that the number and kind of lambs agreed to be sold and delivered was restricted and limited to the male wether lambs to be born to the herd or band of sheep then owned by defendant. Defendant alleges that the number of male wether lambs theretofore born of that herd or band of sheep owned by him at the date of said agreement amounted to 511 head, and no more, all of which were delivered to said plaintiff pursuant to said agreement."

As a further defense, it is alleged that at the date of delivery of the 511 lambs defendant agreed to deliver an additional 100 lambs not included in the contract at the price of ten cents per pound, and that plaintiff accepted such additional lambs in full satisfaction of defendant's obligations under said agreement.

In his reply plaintiff admitted the receipt of ninety-one lambs in addition to the 511, but denied that the same were received in discharge or release of the defendant from the obligations of the written contract.

All that part of defendant's answer alleging that an agreement was made by the parties to the effect that the terms of the contract were restricted to either lambs born to the herd of defendant or to wether lambs was stricken out on motion of plaintiff as "sham and irrelevant." On the issues then remaining the case went to trial. The jury returned a verdict in favor of the defendant. Plaintiff appeals.

The admission of testimony over plaintiff's objections, the giving of certain instructions, and the refusal to give other instructions as requested by plaintiff, are assigned as error.

The status of the pleadings left only two questions for the jury to determine: (1) Did the plaintiff and defendant agree that the delivery and acceptance of the additional ninety-one lambs at the price of 10 cents per pound should be in full satisfaction of defendant's obligations under the contract? (2) If such lambs were not so accepted, what amount of damages, if any, was the plaintiff entitled to recover? If the jury determined the first question in favor of defendant, it was not necessary to consider and determine the second.

The court was evidently of the opinion that by the terms of the contract the defendant was not entitled to limit or vary the written agreement by showing that only wether lambs and such wether lambs as were born of defendant's herd were intended to be included in the contract. The defendant testified, however, in repeating the alleged conversations between plaintiff and defendant at the date of the delivery of the 511 lambs, and in answer to the statement made by the plaintiff, that he (plaintiff) could buy the number of lambs not de-

livered as fixed by the contract and make the defendant pay the difference:

> "You can do as you like about that, and then I says you are not entitled to this kind of lambs; you are not entitled to anything but wether lambs."

In answer to the further question, "Was there anything said about what he was entitled to do?" the witness replied, "I said that he wasn't entitled to anything but fat wether lambs." The same thought was afterwards repeatedly re-affirmed in the testimony of the same witness. This and other similar testimony by the defendant and his witnesses must have tended to impress the jury that it was the intent of the parties at the time of making the contract that only wether lambs from the herd of the defendant were included in the contract and that the defendant was not obligated to deliver any other or additional lambs. Much of this testimony was admitted without objection, but at the close of the case the plaintiff requested the court to give the following instruction:

> "You are instructed that the contract in this case specifies 1,000 head of lambs and that it does not limit the lambs which Larsen agreed to sell to the wether lambs of Larsen's herd; but that the term '1,000 lambs' means simply 1,000 young sheep, which may be ewe lambs or wether lambs or may be made up of both ewe lambs and wether lambs. Neither does the contract apply only to the lambs of Larsen's herd; the only limitations in the contract being that the lambs of the kind therein mentioned, to wit, the sick, the cripples, those with body-wrinkles, and beaters, which are the motherless lambs, should be cut back or taken out of the herd before delivery to the buyer."

The refusal of the court to give this instruction is assigned as error.

The terms of the written contract are neither ambiguous nor uncertain. It was therefore the duty of the court to construe the contract and advise the jury of the re- **1, 2** spective rights of the parties thereunder. The request embodied a correct interpretation of the contract. It was the duty of the court to give that or similar instruction. The failure to do so, in our judgment, constituted prejudicial error. *Bank* v. *Peterson*, 33 Utah, 209, 93 Pac. 566, 126 Am. St. Rep. 817; *Lowry* v. *Megee*, 52 Ind. 107; *Kamphouse* v.

*Gaffner,* 73 Ill. 453; *Gage* v. *Meyers,* 59 Mich. 300, 26 N. W. 522.

Nor do we think the court by its sixth instruction cured the error in refusing the above request. In that instruction the jury were told that the contract was admitted; that the defendant in that contract agreed to sell and deliver to the plaintiff 1,000 lambs; that the failure or refusal on the part of the defendant to deliver lambs "of the kind described in said contract" constituted a breach of the same on the part of the defendant which at once gave rise to a cause of action in plaintiff's favor for damages. Nothing is said in that instruction that would enlighten the jury respecting the nature or kind of lambs described in the contract or what quality of lambs the defendant was obligated to deliver and the plaintiff had a right to demand. In other words, the instruction was simply to the effect that the breach of the contract gave rise to a cause of action for damages and was in no sense an interpretation or definition of the legal rights and duties of the parties to the contract gathered and determined from the terms of the contract. Some additional instruction such as the one requested, interpreting and applying the provisions of the contract, should have been given. *Bailey* v. *Spalding-Livingston Co.,* 43 Utah, 535, 136 Pac. 962.

The new agreement of accord and satisfaction, if it existed, grew out of and was the result of the negotiations had between plaintiff and defendant at the date of delivery of the 511 lambs. The making of any such agreement or adjustment is denied by plaintiff. The consummation or existence of such agreement was therefore a question of fact to be determined by the jury. The defendant was well within his rights in insisting upon having presented to the jury the entire conversations between the parties at that time relating to and which defendant claimed constituted or led up to the contract made at that time. In these conversations, as shown by the record, reference was repeatedly made to the rights of the parties under the contract and what the defendant insisted was his duty thereunder respecting the kind of lambs to be delivered by him. Such testimony constituted additional

reasons why it was incumbent upon the court to give the requested instruction or some similar instruction embodying the same thought. Had the court by any instruction advised the jury that that particular testimony could in no way have any bearing upon or limit the rights of the plaintiff under the written contract, but that they could consider that testimony only in determining whether the alleged agreement of accord and satisfaction had been entered into, the failure to give the requested instruction might not have constituted reversible error; but, the matter having been called to the attention of the court by defendant's request, it was its duty to instruct as requested or to give some similar instruction.

Complaint is also made of certain remarks made by counsel for respondent while addressing the jury. At another trial of this cause an occasion for that line of argument is not likely to occur. For that reason no opinion is expressed as to whether or not this particular assignment of error has merit.

As this case must be reversed and a new trial had, it seems advisable that some reference be made to certain other instructions given to the jury upon which no assignments of error are predicated, and which therefore are not before this court so far as this appeal is concerned. The court, after stating the issues by reading the pleadings, proceeded to tell the jury that, the execution of the contract being admitted, one of the material issues left for the jury's determination was: Did the defendant, on or about October 8, 1917, comply with and fulfill the terms of said contract? The jury were then instructed, in the next subdivision, that if they found that the defendant did not comply with and fulfill the terms of the contract on October 8, 1917, they should then determine whether the plaintiff, for the consideration of the sale of the ninety-one additional lambs at ten cents per pound, agreed to release and discharge the defendant from all obligations under the contract. In the next subdivision of the same instruction the jury were told that if they found that the defendant did not fulfill the terms of the contract on October 8, 1917, and if they further found that the plaintiff did not agree to release the defendant by reason of the sale of the additional

sheep, then they should determine the amount of damages, if any, the plaintiff had sustained by the breach of the contract. As indicated above, the question of the breach of the contract was not in issue. It was testified by both the plaintiff and the defendant and all the other witnesses testifying upon that point that the full number of lambs mentioned in the contract had not been delivered. The breach of the contract, under the proper construction of the contract, was therefore not in issue and was not in question, and the jury had nothing to consider or find upon that issue. The other propositions included in that instruction were erroneous for the reason that they contained elements which were not necessary for the jury to consider in determining their answer to the question propounded in such subdivision or instruction.

The judgment is reversed, and the cause is remanded to the district court, with instructions to grant a new trial. Appellant to recover costs on appeal.

CORFMAN, C. J., and FRICK, WEBER, and THURMAN, JJ., concur.