### Thomas H. Kearney v. Edward J. Doyle, by his next friend Patrick Brennan.

*Appeal from justice's court: Appearance by next friend: Waiver.* A cause in which the plaintiff has appeared, by his next friend, having been appealed by the defendant from the judgment of a justice of the peace to the Circuit Court, and no question having been made in the appeal papers, as to the regularity of such appearance, it must by assumed for all further purposes in the appellate court, that the appointment of the next friend, and his appearance before the justice, were regular.

*Quantum Meruit: Rescinded contract: Measure of damages.* In an action for work and labor upon a *quantum meruit,* in a case where there had been a contract which had been broken by the defendant, the measure of damages will be what the services were worth,—not the price named in the contract.

*Heard and decided January 12.*

Error to Washtenaw Circuit.

CAMPBELL, CH. J.

This case originated in a justice's court, and was appealed by Kearney, the defendant in that court, to the Circuit

KEARNEY v. DOYLE.

Court for the County of Washtenaw, by the ordinary appeal affidavit, and not for special matters. After having been for some time in the Circuit, and after he had, when noticed for trial, made an unsuccessful attempt to continue the cause, Kearney moved to dismiss, for the alleged reason that the person assuming to act as next friend had never been duly appointed; and this motion being denied, and the cause coming on for trial, the same objection was raised in various ways and overruled.

It is not necessary to consider what effect may be produced in ordinary cases by the appearance of a next friend not regularly appointed. It certainly is not in any proper sense a jurisdictional question; and not having been referred to in the appeal from the justice, it must be assumed, for all further purposes, that the appearance before the justice was regular.

The only other question discussed refers to the measure of damages. Suit was brought to recover on a *quantum meruit* for work and labor done under a contract, which each party claimed the other had broken before completion. Upon this the jury found for the plaintiff below, and the question is whether, if prevented by Kearney, he was entitled to recover the reasonable value of the work, beyond the contract price, if found to exceed that price. The court so held, and we think correctly. It would be unjust to confine a party to the contract price when by the fault of the other party, who has practically repudiated it, he is deprived of the opportunity of finishing it. The plaintiff below did not sue upon the contract, and the defendant below had refused to carry out his part of it. Apart from the question of infancy, we think the rule laid down below was correct.

Judgment must be affirmed, with costs.

The other Justices concurred.