GEORGE W. HOWELL ET AL. v. EDWARD J. MEDLER.

*Damages for failure to complete performance cannot be offset against recovery by assignee—Estimate of damages inadmissible without showing the elements of which it was made up.*

The assignee of the right of action on a contract is entitled to recover exactly as the assignor might if no assignment had been made.

Where a contractor fails to complete performance within the time fixed, and the work is taken out of his hands, he or his assignee can recover at contract rates for work done and materials furnished, less any damage defendant may have sustained through the contractor's failure to finish the work.

Damages for failure to complete performance under a contract cannot be set off against a recovery by an assignee of the contractor's right of action for the work actually done, but must be sued for in an action against the contractor himself. And if the assignee sues upon two contracts, an excess of damages on one cannot be set off against his recovery on the other.

41 MICH.—81.

Damages for failure to carry out a contract cannot be proved by a mere estimate in gross; the elements of the damage must be shown.

Error to Tuscola. Submitted October 9. Decided October 14.

ASSUMPSIT. Plaintiffs bring error.

*Black & Quinn* for plaintiffs in error. Where full performance of a contract is prevented by one of the parties, the other can sue for the actual value of work and materials. *Kearney v. Doyle,* 22 Mich., 294; *McQueen v. Gamble,* 33 Mich., 344. A defendant can recoup only those damages which spring out of the action on which suit is brought. *Ward v. Wilson,* 3 Mich., 1; *Molby v. Johnson,* 17 Mich., 382.

*B. W. Huston* for defendant in error. Defendant can recoup any claim arising out of the cause of action involved. *Hubbard v. Rogers,* 64 Ill., 434. A claim originating in contract can be set off against one founded in tort if it arises out of the same subject matter and if both are adjustable in one suit. *Streeter v. Streeter,* 43 Ill., 155; *Stowe v. Yarwood,* 14 Ill., 424; *Platt v. Brand,* 26 Mich., 175.

COOLEY, J. Plaintiff sued defendant on two building contracts made by him with one Hodges, by one of which Hodges was to build and complete for him a hotel in Caro on or before the tenth day of December, 1877, and by the other of which Hodges was to build and complete a barn at Caro, commencing November 6, 1877, and prosecuting the work without delay until finished. The hotel was not completed within the time agreed, and on December 14, 1877, defendant took possession and proceeded to complete it himself. A short time previous to this he seems also to have practically assumed control of finishing the barn, on complaint of inexcusable delay on the part of Hodges. Hodges, when

thus excluded, assigned his claims under both contracts to plaintiffs, and they sued on the common counts.

· In thus bringing suit as assignees of Hodges, plaintiffs were entitled to recover exactly as Hodges would have been had no assignment been made. The rule of law applicable to such cases has been several times explained in this State, and further discussion is needless. Hodges was entitled to recover at contract rates for the work done and materials furnished by him, under each of the contracts, less any damages defendant might have sustained by reason of the failure in Hodges to make complete performance. *Allen v. McKibbin*, 5 Mich., 449; *Wildey v. School District*, 25 Mich., 419; *Wilson v. Wagar*, 26 Mich., 452. If the damages under either contract exceeded or equaled the value of what had been done and furnished under it, measured by the contract standard, there could be no recovery whatever in respect to that contract.

The substantial error committed on the trial consisted in this: that the circuit judge allowed the case to go to the jury as if there had been one contract only, instead of two. This would make no difference in the result if it turned out that plaintiffs were entitled to recover something in respect to the work and materials done and furnished under each of the contracts; but if it turned out that under one of them the damages suffered exceeded the claim established by the plaintiffs the result would be that a general verdict, not distinguishing the two contracts, would in effect offset the excess of damages under the one against any claim established under the other. But such damages are not the subject of set-off, and they cannot be made use of for the purpose in this indirect manner any more than they could in the usual method of applying set-offs.

This case must be tried on exactly the same principles that would have applied had separate suits been brought for what had been done and furnished under

each contract. If plaintiffs establish a demand under either, in excess of the damages proved in respect to it, they are entitled to recover: if the damages under the other exceed what the plaintiffs show they should be allowed for under it, the defendant must be left for his remedy, in respect to what he has lost under that contract, to a suit against Hodges himself. He cannot directly or indirectly make the plaintiffs responsible for such damages.

An error was also committed in the reception of evidence. Defendant being on the stand as a witness was allowed to give his opinion how much damage he had sustained by reason of the hotel not being completed as soon as was agreed, and replied "I should say it was two thousand dollars; I cannot say to a dollar or a hundred dollars." No grounds for an estimate had been given except that it had taken him eighty-four days to complete the building after the time had expired for Hodges to finish it, and there was consequently no ground for such an opinion. What should have been learned was, the elements of the damage sustained, and not an estimate in gross of the reasonableness of which the jury had no means of judging.

Other errors assigned seem to us to call for no discussion.

The judgment will be reversed with costs and a new trial ordered.

CAMPBELL, C. J., and MARSTON, J. concurred.

GRAVES, J. I concur in the result on the ground that there was error in allowing the defendant to give his opinion on the damages.