JOHN MOONEY AND DENNIS O'BRIEN v. THE YORK IRON
COMPANY.

*Contract—Performance prevented—Quantum meruit—Charge to jury.*

1. Where one of the parties to a contract prevents its full performance, the other party may recover, if at all, what his work and labor is worth, whether it was of value to the defendant or not.

2. Error cannot be assigned upon the statement by the court of an admitted fact in his charge to the jury.

Error to Iron. (Grant, J.) Argued July 1, 1890. Decided August 1, 1890.

*Assumpsit.* Defendant brings error. Affirmed. The facts are stated in the opinion.

*B. J. Brown,* for appellant.

*A. L. Flewelling,* for plaintiff.

[The points of counsel are stated in the opinion.—
REPORTER.]

CAHILL, J. The plaintiffs brought an action in justice's court to recover an amount claimed to be due them for work and labor performed in sinking a mining shaft for the defendant. The plaintiffs recovered a judgment in justice's court, and the defendant appealed to the circuit, where the plaintiffs again had judgment, and the case is brought to this Court on writ of error.

The case made by the plaintiffs is that they made a contract with defendant through Capt. Florida, who was at the time superintendent of the defendant company, by which they were to sink a shaft 8 by 11 feet, down to

the "ledge," and timber the same up; plaintiffs to furnish everything, and to be paid $10 per foot. They claimed that they sunk the shaft to the "ledge," and had timbered it to within 8 or 10 inches of the "ledge," when they were stopped in their work by Capt. Carlin, who, as they claim, had immediate charge of the mining operations for the defendant. They claim the right to recover for the work actually done by them under the *quantum meruit,* on the ground that they were prevented by the defendant, without fault on their part, from performing the contract. The case was submitted to the jury by the circuit judge upon this theory, and the jury were instructed as follows:

"It is the law that, if an employer terminate a contract without any fault on the part of the employé or contractor, then the employé or contractor may sue upon the contract to recover damages, or he may sue in *assumpsit* upon the common counts, as they are called,—the *quantum meruit,*—to recover what his services were worth. That does not mean what they were worth to the employer. It is the fair value; that is, the value of work and labor. Of course, the main question is first as to whether the contract was performed up to that time by the plaintiffs. If it was not, then the defendant had the right to stop the work, and discharge them, and they could not recover.

"Now comes the question as to the discharge. That depends upon two witnesses, as I remember the testimony; that is, Capt. Carlin and the plaintiff Mooney. I understand all the testimony there is upon that point is given by these two men. Mooney says that Capt. Carlin 'told us to stop and take the timbers up.' Mr. Carlin denies it. The burden of proof is upon the plaintiffs in the case, so that if you find that the contract was performed up to that time by the plaintiffs, but still that they were not discharged, but stopped the contract without being discharged, then they cannot recover in this case at all. If that were the case, then the plaintiffs could recover only upon the ground that their work had been of value to the defendant."

Counsel for defendant objects to that part of the above charge in which the court said the plaintiffs might recover upon a *quantum meruit* what their services were worth; that this does not mean what they were worth to the defendant, but the fair value of the work and labor; and it is claimed that the true basis of recovery in such cases is not the value of the work and labor, but of the *product* of the work and labor. We think the circuit judge adopted the correct rule. If the plaintiffs had abandoned the work, without being directed to do so by the defendant, and the defendant had appropriated the work to its own use, the rule contended for by defendant's counsel would have been correct. That rule was recognized and clearly stated by the circuit judge in his charge. But where, as in this case, the plaintiffs are prevented from performing the contract, they are entitled to recover, if at all, what their work and labor is worth, whether it was of value to the defendant or not. The case of *Clark v. Mayor*, 4 N. Y. 338, cited by defendant's counsel, does not support a contrary doctrine. It is claimed also that the court erred in stating to the jury that Capt. Carlin was the agent of the mine, and represented the mine in the transaction. No question was made upon the trial as to the position that Cap. Carlin occupied. Capt. Florida testified:

" *Q.* Isn't it true that Cap. Carlin had more to do with this matter than you did?

" *A.* Yes, sir; he did.

" *Q.* You are a general superintendent of this mine, are you not?

" *A.* Yes, sir.

" *Q.* And you concerned yourself more about the business generally than you did about those little details about the shaft?

" *A.* Yes, sir.

" *Q.* And you left this in a large measure to him, did you not?

"*A.* Yes, sir."

There was no testimony to the contrary. There was no error in this statement by the circuit judge of an admitted fact on the trial. The judgment is affirmed, with costs.

CHAMPLIN, C. J., MORSE and LONG, JJ., concurred. GRANT, J., did not sit.