ARTHUR HEMMINGER v. THE WESTERN ASSURANCE COMPANY.

*Contract—Preventing performance—Damages—Quantum meruit—Pleading—Evidence.*

1. Where the contract sued upon is set forth in the declaration, and its execution is not denied under oath, proof of its execution is unnecessary; citing Circuit Court Rule No. 79.

2. A witness may be cross-examined upon all points material to the issue, whether the party has called them out upon the direct examination or not; citing *Ireland v. Railroad Co.*, 79 Mich. 163.

3. The error committed in refusing such cross-examination is waived if the complaining party makes the witness his own, and examines him at length.

4. A party who is prevented from performing a labor contract by the wrongful act of the other party may recover on a *quantum meruit* what his services were reasonably worth, although in excess of the contract price.

5. Where a contractor declares specially upon a breach of the contract, and upon the common counts for labor expended and expenses incurred in and about its attempted performance, it is not error to allow him to elect to recover on the *quantum meruit* at the close of the testimony, such recovery being restricted to the actual services rendered and expenses incurred.

6. Where in a suit upon a contract with an assurance company to recover whatever was worth saving from a sunken vessel; in consideration of one-half of the net amount realized by the

company from the sale of the articles recovered, it appears that the plaintiff was prevented from fully performing the contract by the wrongful act of the defendant, and he declares specially upon said breach, and also upon the common counts for labor performed and expenses incurred in the attempted performance of the contract, and elects at the close of the testimony to recover therefor upon a *quantum meruit*, and defendant contends that the sale of the articles recovered was with plaintiff's consent and at a fair price, which plaintiff denies, and alleges that such sale was a breach of the contract, testimony tending to show the value of the articles sold is competent upon this branch of the case, although it also tends to show damages arising from the breach specially counted upon.

Error to St. Clair.  (Canfield, J.)  Argued February 2, 1893.  Decided April 21, 1893.

*Assumpsit.*  Defendant brings error.  Affirmed.  The facts are stated in the opinion.

*William E. Leonard* (*William M. Cline,* of counsel), for appellant.

*Atkinson, Vance & Wolcott,* for plaintiff.

McGRATH, J.  Defendant was the owner of a steam barge and a schooner, both sunken in Lake Huron, the one off Sand Beach, and the other off White Rock.  On September 2, 1889, it entered into a written contract with Thomas and Medar Isabell, by the terms of which the Isabells were to recover from these vessels everything worth saving, and deliver the same upon the dock at Port Huron, and in consideration the Isabells were to receive one-half of the net amount realized from the sale of the machinery, outfit, and the other things so saved.  No time within which this work was to be done was named in the agreement.  The Isabells procured the necessary apparatus, commenced the work, and prosecuted it with varying success during that

fall. They encountered severe weather, and were compelled several times to abandon the wreck and seek shelter. They continued their work, as the weather permitted, until about November 1, but were then compelled to abandon it for that season, intending to resume it in the spring. They recovered, and delivered, as agreed,—

"Two spars and the rigging of these spars, five sails and a lot of running-gear, one tow-line, two Atlantic pumps, one windlass, one wheel, one capstan, one lot of eye-bolts and ring-bolts, one set of davits, one set of cat-heads, one anchor and two shots of chain, one compass, one log, one gaff, one air-pump, one stay-sail boom, one heater, one pony-engine, one force-pump, one automatic pump, one steam-chest head, one cylinder head, a lot of broken castings, a lot of steam pipe, half a ton of gas-pipe, one cut-off, one exhaust, one iron bulk-head, one fire-room floor, a lot of fire-grates, and one boiler."

On the 12th day of December, 1889, defendant sold all the articles recovered except the boiler, and gave a bill of sale of all the wreckage of both vessels remaining therein, to one Thomson. The Isabells assigned to plaintiff.

The declaration counts upon a breach of the contract, and contains counts for labor expended and expenses incurred in and about the prosecution of the work. At the close of the proofs plaintiff' elected to recover upon the *quantum meruit*, on the theory that defendant "had violated the contract, and prevented its completion."

The general rule is well settled that a party to a contract where labor is to be performed, upon the breach of that contract by the other party, has two remedies open to him. He may sue upon the contract, and recover damages for its breach, or he may ignore the contract, and sue for services and labor expended, and expenses incurred, from which he has derived no benefit. *Kearney v. Doyle,* 22 Mich. 294; *Mitchell v. Scott,* 41 Id. 108; *Boyce v. Martin,* 46 Id. 240; *Shulters v. Searls,* 48 Id. 550; *Bush v. Brooks,* 70 Id. 461; *Bromley v. Goff,* 75 Id. 218; *Moore v. Nail Co.,*

76 Id. 606.    In case he pursues the latter remedy, the measure of damages as to services is not necessarily the contract price, even though the value of the services can be measured or apportioned by the contract rate; but he may recover what his services are reasonably worth, although in excess of the rate fixed by the contract.    *Hosmer v. Wilson,* 7 Mich. 294; *Kearney v. Doyle, supra; Shulters v. Searls, supra.*    The rule is otherwise, however, where the plaintiff is the author of the breach.    The basis of a recovery by one who is in default is an implied agreement arising from the reception of something of benefit or value; but, where the party suing is not responsible for the breach, neither the right nor the amount of the recovery depends upon the measure of benefit received by the party guilty of the breach.

The rule laid down by CHRISTIANCY, J., in *Hosmer v. Wilson, supra,* is that—

"The plaintiff [defendant] having appropriated and received the benefit of the labor (or, what is equivalent, having induced the plaintiff to expend his labor for him, and, if properly performed according to his desire, the defendant being estopped to deny the benefit), a duty is imposed upon the defendant to pay for the labor thus performed."

This disposes of the principal contention in the case.

The contract was offered in evidence, but it was objected that its execution had not been proven.    The contract was set forth in full in the declaration, and its execution had not been denied under oath.    Proof of the execution of the instrument was therefore unnecessary, under Circuit Court Rule No. 79.

There is no force in the objection that plaintiff was not compelled to make an election at the time requested. Considerable testimony had then been taken.    At the close of the testimony plaintiff did elect, and the court restricted the recovery to the actual services rendered and expenses

incurred. The defense was that the compensation running to plaintiff was contingent; that the sale of the articles. recovered, and the balance of the wrecks, was with the consent of plaintiff's assignors, and at a fair value; and that plaintiff could only recover the percentage fixed by the contract. Plaintiff contended that the sale was made without the consent of plaintiff's assignors, and at a price much below the actual value; hence the injury; and this. was counted upon as the breach. The testimony tending to show values was therefore competent upon this branch of the case, although it would also tend to show the damages arising from the breach. The court instructed the jury that, if the sale was made with the consent of all. parties, plaintiff could not recover.

The party to whom defendant sold the wreckage was called by plaintiff to prove the purchase. Defendant's counsel then sought to cross-examine the witness generally, but objection was made that it was not proper cross-examination, and the testimony was excluded. This was error. *People v. Barker*, 60 Mich. 277; *Ireland v. Railroad Co.*, 79 Id. 163. Defendant then made the witness its. own, and examined him at length. In view of this fact, we think the error was waived.

In *New York Iron Mine v. Bank*, 39 Mich. 644, the witness was—

"The principal actor in the transaction under investigation, brought forward as a witness to support his own acts, but carefully examined in such a manner as to avoid having him utter a single word regarding the main fact, though it was peculiarly within his own knowledge."

The defense in that case did not attempt to make the witness its own, and the Court say:

"It is true, the defense was at liberty to call the witness subsequently, but this is no answer. The defense was not compellable to give credit to the plaintiff's witness as its own, for the purpose of an explanation of facts constitut-

ing the plaintiff's case, and a part of which the plaintiff had put before the jury when examining him."

In the present case the witness was one with whom the defendant had dealt, and there was nothing tending to show that he was unfriendly to defendant, or had any bias or interest.

The other assignments relate to the competency of certain witnesses who testified upon the question of values, but upon examination we find no error in the rulings.

The judgment is affirmed.

The other Justices concurred.