CAIRBRE *v.* McQUILLEN.[1]

1. TRIAL—CROSS-EXAMINATION—EVIDENCE.
    It is within the discretion of a trial judge to permit leading questions to be asked of a party, by his counsel.

2. SAME—LEADING QUESTIONS.
    It is not an abuse of discretion for the trial court to permit plaintiff's counsel to ask plaintiff questions from the bill of particulars, and ask leading questions to refresh his recollection as to items and dates; the witness being unable to see distinctly or to recall certain dates and amounts.

3. PLEADING—BILL OF PARTICULARS—PAYMENTS—CREDIT ITEMS.
    The plaintiff's bill of particulars need not show credit items of payments made by defendant.

4. SAME—STATUTE OF LIMITATIONS.
    The plaintiff in an action of assumpsit for money loaned may testify to payments not credited on his bill of particulars.

[1] Rehearing applied for December 22, 1910.

5. STATUTE OF LIMITATIONS—DEFENSE—SURPRISE.

   Where credits are shown by a plaintiff in order to rescue a claim from the operation of the statute of limitations and the defendant is surprised and unable to go forward for want of preparation, his remedy is an application to the trial court for further time.

6. TRIAL—CROSS-EXAMINATION—PARTIES—WITNESSES.

   Where a party is made a witness by the opposing counsel, he may be cross-examined as to material facts not brought out on direct examination. *Blackwood* v. *Brown*, 32 Mich. 104, overruled.

7. SAME—WAIVER OF ERROR.

   Error committed in refusing to permit such cross-examination is waived by the party who subsequently takes the stand in his own behalf and gives testimony upon the principal issues.

Error to Marquette; Cooper, J., presiding. Submitted June 23, 1910. (Docket No. 139.) Decided September 27, 1910.

Assumpsit by Bernard Cairbre against James McQuillen for money had and received. A judgment for plaintiff is reviewed by defendant on writ of error. Affirmed.

*T. J. Dundon* (*Samuel H. Davis*, of counsel), for appellant.

*J. L. Heffernan*, for appellee.

BIRD, C. J. Plaintiff sued defendant in assumpsit to recover on an account which he claims was incurred by defendant between the years 1870 and 1886. In compliance with a demand, plaintiff filed a bill of particulars showing 25 separate items, aggregating $3,065.85. It was claimed by plaintiff that defendant made various payments upon the account from 1870 to 1886. Since 1883 defendant has resided outside of the State.

Defendant denied that he had ever received any money from plaintiff. He admitted that, while attending medical college in Montreal, he had received money from

home, but claimed it was advanced to him by his mother, who was then the wife of plaintiff. This money he claimed to have repaid. In addition to his general denial and notice of set-off, he relied upon the statute of limitations. Plaintiff recovered a judgment, and defendant assigns error. (This case was before this court on a former occasion, and the opinion will be found reported in 151 Mich. 590 [115 N. W. 737]).

It is assigned as error that plaintiff's counsel was permitted to read to plaintiff while on the witness stand certain items in the bill of particulars, and to ask leading questions thereon to refresh his recollection. It appears from the record that the bill of particulars had been prepared from memoranda furnished by the plaintiff to his counsel, and some of them were in the handwriting of plaintiff. Plaintiff's eyesight was so poor that he could not read, but could identify, his memoranda. The plaintiff while testifying could not recall the items nor the dates of them without prompting. Under these circumstances, the court permitted counsel to read to plaintiff certain items from the bill of particulars, and to ask some leading questions to refresh his recollection. It is within the discretion of the trial judge to permit leading questions to be asked of a witness (*Webb* v. *Feathers' Estate,* 119 Mich. 475 [78 N. W. 550]), and, under the circumstances as they existed here, we see nothing which would justify us in saying that the trial judge abused that discretion.

Defendant insists that the trial court was in error when he permitted the plaintiff to testify to certain payments which he claims were made by defendant, because they were not shown by plaintiff's bill of particulars. This raises the question as to whether the plaintiff's bill of particulars must show credit as well as debit items. It is not our understanding that the rule requires plaintiff's bill of particulars to show credit items. *Ryckman* v. *Haight,* 15 Johns. (N. Y.) 222. In the case before us defendant demanded a bill of particulars of plaintiff's claim for

which he sought a recovery. He did not demand a bill of particulars of his own set-off or payment, and we can see no reason why more should be required or furnished than was demanded. The defendant is supposed to be informed of the state of his own account and of the payments which he has made. In cases like the present one, where credits are sought to be shown, in order to rescue the claim from the operation of the statute of limitations, instances may arise where the defendant is surprised and unable to go forward for want of preparation, but in such cases application can be made to the trial court for time in which to prepare to meet the unexpected claim.

Another error relied upon by defendant's counsel is that his right of cross-examination was unduly abridged by the trial court. Plaintiff's counsel called the defendant as a witness to show that he had resided outside of the State since the year 1883. He examined him upon no other subject. Defendant's counsel then claimed the right to cross-examine the witness upon that and other subjects. Plaintiff's counsel objected to this, and insisted that the rule of cross-examination would not permit him to cross-examine on any other subject than the one on which the witness was examined in chief. The court held this to be the rule. We think the court was in error in this ruling. The plaintiff made the defendant his witness, and he was sworn and testified in his behalf. This gave defendant's counsel the right, under the well-settled rule in Michigan, to cross-examine him upon any material question in the case. *People* v. *Barker*, 60 Mich. 277 (27 N. W. 539, 1 Am. St. Rep. 501); *Ireland* v. *Railroad Co.*, 79 Mich. 163 (44 N. W. 426); *Hemminger* v. *Assurance Co.*, 95 Mich. 355 (54 N. W. 949). And the fact that the witness was one of the parties to the case rather than a third party would not create an exception to the rule. *New York Iron Mine* v. *Negaunee Bank*, 39 Mich. 644. After the ruling of the court, defendant took the witness stand and testified in his own behalf, and went into the issues fully, and, for

aught the record shows, he testified to everything that he would have testified to if he had been cross-examined. Under these circumstances, we think the error was waived. *Hemminger* v. *Assurance Co., supra.* The case of *Blackwood* v. *Brown,* 32 Mich. 104, is cited by appellee to sustain the ruling. A like question was raised in that case, but some language is made use of in the opinion which indicates that the ruling of the trial court was sustained for other reasons, namely, the stage of the trial at which the cross-examination was attempted and the lack of relevancy of the direct questions to the matters in issue. But, if that case can be said to be at variance with the rule laid down in the *Barker Case,* it must give way before the more liberal rule declared in that case.

The judgment of the trial court is affirmed.

OSTRANDER, McALVAY, and BLAIR, JJ., concurred.

HOOKER, J. I concur in the result upon the ground of waiver, but doubt the propriety of holding that a defendant may make his defense on cross-examination by his own counsel whenever he shall have been called upon a single point by his adversary.