BROOKS v. BELLOWS.

1. LOGS AND LOGGING—WORK AND LABOR—PLEADING—CONTRACTS—COMMON COUNTS.

Where plaintiff was prevented from completing a logging contract by the defendant's refusal to furnish funds for labor and supplies in accordance with the contract, he may recover for his work and labor at the contract price, so far as the contract has been executed, what the services were shown to be reasonably worth, under the count of *indebitatus assumpsit* or *quantum meruit.*

2. PLEADING—CONTRACTS—MODIFICATION—VARIANCE.

Where the modification of a contract was not alleged in the declaration, evidence of such modification was erroneously admitted.

3. SAME—APPEAL AND ERROR—VARIANCE.

But where it did not appear that defendant was surprised or placed at any disadvantage by reason of the defect, there having been a previous trial of the case and he being fully informed as to the position of plaintiff, the error is not important enough to merit a reversal.

4. EVIDENCE—SCALE—LOGS AND LOGGING—CONTRACTS.

Where a logging contract provided that the scaling should be done by a scaler approved by both parties, but they failed to agree, evidence of a scale made by defendant's scaler was admissible, and that it was so made up as to advise plaintiff of the amount cut by each of his men would not make it objectionable, in an action for work and labor done under the contract.

5. RES JUDICATA—JUDGMENT—AGENCY—APPEAL AND ERROR.

The question as to whether the scaler was the agent of defendant or of both parties, having been passed upon by this court in a previous decision (179 Mich. 421), it will not be considered again.

Error to Benzie; Lamb, J. Submitted October 6, 1915. (Docket No. 19.) Decided June 2, 1916.

Assumpsit by Oscar H. Brooks against Edwin H. Bellows for work and labor. Judgment for plaintiff. Defendant brings error. Affirmed.

*Warner, Raudabaugh & Person,* for appellant.

*M. G. Paul,* for appellee.

BIRD, J. Plaintiff contracted to lumber 160 acres of timber land in Benzie county for defendant. He entered upon the work, and when nearly finished he was obliged to abandon it, according to his version, because defendant refused to keep his agreement to furnish funds for labor and supplies. Plaintiff claims that at

the time he quit work there was owing him on the contract $1,609.45. The defendant refused to pay this or any amount, and plaintiff brought this suit to recover the same. The declaration was in assumpsit. It set out the contract with the common counts added. The theory of plaintiff was that he was entitled to compensation for the work and labor performed at the contract price. The case was submitted to the jury on that theory, and he recovered a judgment of $1,500. For a more detailed statement of the controversy, see same title, 179 Mich. 421 (146 N. W. 311).

1. Defendant takes the position that no recovery should have been permitted under the declaration, for the reason that plaintiff's claim is based upon a special count, which is deficient in allegation, and that no recovery could be had under the common counts, because the contract was executory. The declaration set out the contract, and alleged specifically what plaintiff had done in compliance therewith, and that he was prevented from completing it by reason of the refusal of the defendant to furnish funds for labor and supplies in accordance with the contract. Had plaintiff sought to recover damages for the breach of the contract, and for profits he would have made had he been permitted to finish it, counsel's contention would be sound, but plaintiff did not seek to do that. He undertook to and did recover for his work and labor at the contract price, but only so far as the contract had been executed. He counted nothing upon the executory part of the contract. Under this situation he was entitled to recover under the count of *indebitatus assumpsit,* or under the *quantum meruit,* by showing what the services were reasonably worth. *Hosmer* v. *Wilson,* 7 Mich. 294 (74 Am. Dec. 716) ; *Howell* v. *Medler,* 41 Mich. 641 (2 N. W. 911) ; *Mooney* v. *Iron Co.,* 82 Mich. 263 (46 N. W. 376). The objection is not well taken.

2. Complaint is also made because the trial court allowed plaintiff to give evidence of a modification of the contract without any allegation to support it. It is claimed that the modification should have been set up in the declaration. Counsel is undoubtedly correct in this position. If the contract were modified, it should have been declared on as modified. *Penwell* v. *Wilkinson*, 97 Mich. 110 (56 N. W. 235). When this objection was made, plaintiff should have asked for and been given an opportunity to amend his declaration. But it does not appear that defendant was surprised or placed at any disadvantage by reason of the defect. There had been a previous trial of the case, and he was fully informed as to the position of the plaintiff. We think the error is not important enough to merit a reversal of the case.

3. The contract entered into by the parties provided that the scaling of the logs should be done by a "good, competent scaler approved by both parties." Subsequently they were unable to agree upon a scaler, and plaintiff claims he consented that Frost, defendant's scaler, might scale the logs as long as his work was satisfactory. Frost, at the request of plaintiff, while scaling, kept an account of the logs in such a way as to disclose how many feet were cut by each of plaintiff's employees, thereby furnishing plaintiff a basis for making payment to them. This scale so furnished by Frost was received in evidence over defendant's objection that it was incompetent and not the best evidence. We see no error in admitting it. The scale was made and furnished by defendant's agent, and the mere fact that it was so made up as to advise plaintiff of the amount cut by each one of his men would not thereby make it objectionable. The question as to whether Frost was the agent of defendant or of both parties is reargued in this connection. This question under substantially the same state of facts was passed

upon by this court in its former opinion. It will therefore be unnecessary to consider it again.

4. Error is assigned because the trial court refused to direct a verdict for the defendant. Considering the state of the plaintiff's case, the trial court could not well comply with the request without passing upon issues of fact. The parties were in direct conflict over several questions. Among them was the question as to how much timber had been cut; as to whether the scaler was the agent of defendant, or whether he represented both of the parties; as to whether certain modifications claimed by plaintiff were made in the contract; and also as to how much was remaining plaintiff's due, if anything. The trial court submitted the issues of fact involved in an unusually lucid charge, and we think he did so without error.

The judgment must be affirmed, with costs of this court to plaintiff.

STONE, C. J., and KUHN, OSTRANDER, MOORE, STEERE, BROOKE, and PERSON, JJ., concurred.