### SCHUTT *v.* BUSH.

#### *In re* CLUTE.

ATTORNEY AND CLIENT—CONTINGENT FEE—SETTLEMENT OF LITIGATION BY CLIENT—LIEN FOR VALUE OF SERVICES.

> Where a case, taken by an attorney contingent upon his winning, was settled by his client without his consent while it was pending in the Supreme Court, and he was thus prevented from performing his contract in full, he was entitled to a lien upon the property involved for the value of his services actually rendered.

Appeal from Newaygo; Barton (Joseph), J. Submitted April 20, 1920. (Docket No. 107.) Decided June 7, 1920.

On validity of provision, in contract for contingent fee, forbidding client to settle the claim without attorney's consent, see note in 14 L. R. A. (N. S.) 1101.

On amount or basis of recovery by attorney who takes case on contingent fee, where client discontinues, settles or compromises, see note in 3 A. L. R. 472.

Bill by Sana Schutt against Gregg B. Bush, individually and as trustee, to determine plaintiff's rights under the will of Charles M. Perkins, deceased. Upon settlement of the case, William K. Clute intervened to establish a lien for services rendered. From a decree dismissing the petition, he appeals. Reversed, and decree entered.

*F. E. Wetmore,* for plaintiff.

*William K. Clute* (*Wykes & Averill,* of counsel), *in pro. per.*

STONE, J. This case is here upon the petition of William K. Clute, an intervening petitioner, praying for an order granting him a lien for his fees and services as an attorney, upon the proceeds of a settlement of the case of Sana Schutt *v.* Gregg B. Bush, trustee, *et al.,* a chancery case originating in the circuit court for the county of Newaygo, which was settled after appeal to this court, by the plaintiff therein, without the knowledge or consent of the petitioner, her attorney. That case involved the rights of Miss Schutt, the plaintiff, under the will of Charles M. Perkins, deceased. In its different phases the proceedings were instituted for the purpose of recovering for her, by final decree, certain real and personal property which had been, as was claimed by her, improperly placed in the hands and possession of the defendant Gregg B. Bush, as trustee, by the order of the probate court of Newaygo county—the appraised value of which property was $9,378. Claiming that she was entitled to the possession, control, and use of said property, and that she had been deprived of the same by erroneous and misleading advice and misrepresentation, she, acting under the advice of petitioner, first filed a petition in the probate court for the dis-

charge of said trustee, and for an order that said property be delivered to her under the terms of said will. Upon the hearing of that petition, it was dismissed, and Miss Schutt, acting under the advice of petitioner, took an appeal to the circuit court. It was then determined by her and petitioner, acting as her counsel, to file a bill in equity praying for the construction of said will and the discharge of the trustee, and to consolidate the two proceedings under the provisions of the judicature act, and hear them as one suit. This was done accordingly. The proceedings were contested by the trustee and a contingent remainderman, and upon the hearing in the circuit court, in chancery, the bill of complaint and said appeal were dismissed. Thereupon, on the advice of petitioner, an appeal was taken and perfected to this court. Petitioner, acting for the plaintiff, did the work necessary to perfect such appeal, had the record printed, and prepared, and had printed, and served, an elaborate brief of 54 pages, and caused the case to be placed upon the docket of the January, 1919, term of this court for argument. Petitioner had acted as plaintiff's counsel and had conducted the hearings in the probate and circuit courts, and had prepared the case for argument in this court.

The printed record and brief of plaintiff as appellant were on file in this court, and while so pending, without petitioner's knowledge or approval, plaintiff and defendants settled the case a short time before it would have been reached for argument. The stipulation signed by plaintiff and the defendants dismissed the case without costs to either party, and provided further that plaintiff should receive a deed from defendants of lots 105 and 106 of block N of the village of Hesperia, together with some personal property, all of the appraised value of $4,775, and she was to

deed to defendants the remainder of the property. Originally, petitioner was engaged by Corie C. Coburn, with the knowledge and approval of plaintiff, to assist him in conducting the litigation; but it is the claim of petitioner that just before the chancery case was to come on for hearing below, she directly engaged him to conduct the litigation in the circuit, and again later in this court. The testimony is in conflict as to the contract for fees or compensation made by plaintiff with Mr. Coburn. She claims that she never employed petitioner, but that in March, 1917, she agreed with Coburn that he would take her case on a contingent basis through the probate and circuit courts for $125, if he won it there, and through the Supreme Court for $125 more, if he won it there, provided it became necessary to appeal, he to pay out of these sums all expenses of the litigation; that if he lost, he was to be paid nothing for services, but she would pay actual expenses; that whatever petitioner did was under the contract with Coburn, and subject at all times to its terms; that she had a right to settle the case as she pleased, at any time, and since she has admittedly paid to said attorneys at different times sums which total $250 in gross, that petitioner has no just complaint to make, and that it is no concern of his what further she did with the case in the way of settlement. She also claims that petitioner knew of that arrangement with Coburn. Petitioner denies this, and denies that he ever heard of such a proposition until after the work was done. In other words, plaintiff claims that inasmuch as there was a contract arrangement with Coburn to handle the case through to final decree in this court for $250, to cover both fees and expenses, her obligation was discharged upon the payment to petitioner and Coburn of amounts sufficient to aggregate that sum. This amount she has paid. The payments were not, however, accepted

under any conditions which would amount to a withdrawal of petitioner's claim; but it is claimed by petitioner were applied upon actual expenses which she was to pay.

On the part of the petitioner it was claimed, and testified to by Coburn, that the contract was on a contingent basis for a percentage of the recovery, of either 25 per cent. or 50 per cent., and he did not remember which. Whatever the arrangement was, there is no question that the services of petitioner were very considerable, were faithfully performed, and enabled the plaintiff to effect an advantageous settlement. The best offer of settlement she had ever received from defendants before the case reached this court was $1,000. The two lots upon which it is sought to establish a lien for such services were directly involved in the litigation, and petitioner now claims he is entitled to a decree awarding him a lien on said lots for the amount, or reasonable worth of his services. Counsel for plaintiff in his brief says:

"But the petitioner says that the client should not be permitted to leave an attorney in the lurch under the circumstances charged, and then argues that an attorney is entitled to a lien for his services upon the property of his client which is the subject of the litigation, and he cites a case from Pennsylvania sustaining that view. There are many Michigan cases to the same effect, and we have no quarrel with that rule of law, and will admit that if Mr. Clute has anything coming to him from Miss Schutt, that it is a lien and may be so declared upon all the property that was in controversy in the former suit."

The amount of the legal services claimed at the hearing is $591.49 and interest at 5 per cent. per annum from March 8, 1919. There was ample testimony upon the hearing of this petition that the services actually rendered were worth the sum claimed, and that the charges were reasonable. Upon the hear-

ing of this petition the trial court, upon the motion of the plaintiff, ordered a jury, and a jury was impaneled and heard the matter. The hearing resulted in a decree dismissing the petition and petitioner has appealed.

Petitioner's contention here is that there was a contract arrangement between himself and Miss Schutt, whereby he was to carry the case through to final decree, his pay to be contingent on success; that the act of Miss Schutt in settling the litigation over his head, and without his consent, and thus placing it out of his power to go ahead and complete the contract, which he was prepared, ready and willing to do, permits him to disregard the contract and the amount fixed in it as compensation, even if it were as she claims, and that he is entitled to recover upon the *quantum meruit* for the full value of his services.

There was a sharp conflict in the evidence as to what the contract was, with reference to compensation. An examination of the record and brief in the case which was settled, and a reading of the record in this matter, satisfy us that the claim of the petitioner herein is not excessive. The contract claimed by the plaintiff is so unreasonable in its amount as to cast great doubt upon whether the minds of the parties ever met upon the subject. The claim that the petitioner, or the petitioner and Coburn, ever agreed to carry through the hotly contested litigation to final decree in the Supreme Court and pay all the expenses of litigation for $250 is so unreasonable as to throw great doubt upon the claim. There being such conflict in the testimony by the denial of both Coburn and the petitioner, we are led to examine the letters which passed between the plaintiff and the petitioner upon the subject. In a letter bearing date November 27, 1918, the plaintiff wrote the following to the petitioner:

"WILLIAM K. CLUTE,
    "Grand Rapids, Michigan.
    "*Dear Sir:* I am sending you the bond signed as you requested. But before we proceed any farther, I want to ask, if you care to go on with the case according to our agreement. I think I asked you that, but you did not mention it in your letter. You remember the terms agreed upon in Mr. Coburn's office, when you and Mr. Coburn, Mr. Byron Perkins, Archie McCallum and my brother talked the matter over. Kindly let me know what you wish and then I will know what to do.

"Yours truly,
                            "SANA SCHUTT."

Under date of December 2, 1918, the petitioner answered the foregoing letter as follows:

"MISS SANA SCHUTT,
    "Hesperia, Michigan.
    "*Dear Miss Schutt:* I have yours of the 27th, enclosing bond. Whatever the agreement was between you and Mr. Coburn, I will stand by it, but I did not hear that part of the conversation when the parties were here. I wish you would write to me what it was, so I will have a record of it, but I presume the costs and expenses were to be paid by you. I talked with Mr. Coburn this morning, and he tells me the proceedings that are pending against him still permit him to practice, and the court order in his matter does not yet take effect, and he still regards himself as attorney of record and with authority to act in this case. I suggest that you write to him, stating what your understanding is on the subject of agreement to terms of carrying this case through, as well as giving me the same. I want to have that part arranged definitely so we will agree on what it is.

"I am pushing the appeal papers all I can so as to get the case on to the Supreme Court docket in January, if possible. The expenses are coming right on now, and it is necessary to have the money to pay them now, and I trust you will arrange to send the $75 this week sure.

"Yours truly,
                        "WM. K. CLUTE."

Under date of December 6, 1918, plaintiff wrote the petitioner the following letter:

"WILLIAM K. CLUTE,
    "Grand Rapids.
    "*Dear Sir:* In regard to the case, as I understand it you are going on with it for Mr. Coburn according to my agreement with him. Mr. Coburn agreed to take the case and if he won he was to have his fees, otherwise he was only to have his expenses. If this is not satisfactory to you, send me an itemized account of your expenses and I will pay them and you can drop the case. If you care to go on with it, send me your itemized bills and I will pay them. I am writing this so there will be no future misunderstanding. Kindly let me hear from you.
                        "Yours truly,
                                "SANA C. SCHUTT."

Under date of December 9, 1918, petitioner answered the last letter as follows:

"MISS SANA SCHUTT,
    "Hesperia, Michigan.
    "*Dear Miss Schutt:* I have yours of the 6th inst., and am willing to go on with the case according to your agreement with Mr. Coburn, that is, our fees to be paid if we win, and no fees if we lose. The expenses paid out, to be paid by you, at all events, as they come, whether we win or lose. I agree to this now because it was your original agreement as you say with Mr. Coburn, and he got me to help him on the case, and I will see you through with it on your agreement with him. This means, of course, that you are to advance the expense money as needed. (List of disbursements omitted.) There are some other small bills that have not come in yet. The record for the Supreme Court is now in the printer's hands and will be printed and filed in the Supreme Court in a few days (some time this week), and will have to be paid for, which is liable to be around $40 or $50. The $75 I asked for last week is no more than now needed for expenses incurred up to date. I will mail you a copy of the printed record when I get them. I will

send you the items of future expense as incurred. I believe I can win this case and I shall try hard for you.
"Yours truly,
"WM. K. CLUTE."

In his petition filed in the court below, petitioner prayed that he be permitted to file the petition and prosecute the same for the establishment of his lien on said lots 105 and 106, block N, of the village of Hesperia, Newaygo county; that the order dismissing and discontinuing said case in this court be vacated and set aside for this purpose, and that said lien be declared and enforced in said petitioner's favor for the amount of his claim, and costs, by an order of the court directing the said amount to be paid by Sana Schutt to petitioner within a time to be fixed, and in default thereof that all her right, title and interest in said lots be sold to satisfy the same, under an appropriate order of the court. A similar petition was filed in this court, and on April 4, 1919, this court made an order in said cause, reading as follows: .

"In this cause a petition is filed by William K. Clute, of counsel for plaintiff, to establish a lien upon certain property involved in said suit for attorney's fees; and due consideration thereon having been had by the court, the petition is denied, but without prejudice to renew application in the circuit court for the county of Newaygo."

Upon the subject of the measure of damages petitioner cites the following Michigan cases, among others: *Kearney* v. *Doyle*, 22 Mich. 294; *Hemminger* v. *Assurance Co.*, 95 Mich. 355, 357; *Brooks* v. *Bellows*, 192 Mich. 109; *Midland Operating Co.* v. *Miller*, 197 Mich. 567, 570. These cases are cited in support of the proposition that recovery may be had for what the services of the petitioner were reasonably worth, where he was prevented by the other party from performing the contract.

In *Weeks* v. *Wayne Circuit Judges*, 73 Mich. 256,

which case involved the fees of attorneys, this court said:

"That it is true courts as a rule look with favor upon a compromise and settlement made by the parties to a suit with the consent of all persons concerned, to prevent the vexation and expense of further litigation; but the rule only applies where the rights and interests of all the parties concerned, both legal and equitable, have all been respected, and in good faith observed. Parties cannot assume that attorneys have no rights, without inquiry."

Our attention is called to the case of *Southworth* v. *Rosendahl*, decided by the supreme court of Minnesota, and reported in 133 Minn. 447 (158 N. W. 717, annotated in 3 A. L. R. 468), holding that in the settlement of a case under circumstances very similar to the instant case, the attorney could recover only the reasonable value of the services rendered by him down to the time of the settlement. For a full discussion of the question we refer to the above volume of A. L. R.

There was offered in evidence an assignment from Corie C. Coburn to petitioner of all of Coburn's right, title and interest in and to any claims for legal services which he might have against Sana Schutt in said case, including both his own services and those of the petitioner on Coburn's account.

We are of the opinion that when, in the correspondence between these parties, the plaintiff said, "if he won he was to have his fees, otherwise he was only to have his expenses," and so forth, that the petitioner was justified in stating, as he did in his letter of December 9, 1918, "that is, our fees to be paid if we win, and no fees if we lose"; and the petitioner had the right to conclude that the matter of *reasonable* fees for services rendered was there referred to. So that, whichever principle or rule may be applied, in the light of our own decisions and of the authorities cited, we are of the opinion that the petitioner is entitled

to recover the amount of his claim for the value of the services actually rendered, as heretofore stated, with interest; and that the same shall be a lien upon the property described in the petition, and that he is entitled to a decree or order of this court in accordance with the prayer of his petition.

The decree of the court below is therefore reversed, and one will be entered here in accordance with this opinion, with costs to the petitioner in both courts, to be taxed.

MOORE, C. J., and STEERE, BROOKE, FELLOWS, CLARK, BIRD, and SHARPE, JJ., concurred.