CROTSER LUMBER & FUEL CO. *v.* MAHONEY.

WORK AND LABOR—CONTRACTS—QUANTUM MERUIT—DAMAGES.

Recovery may be had under count for work done and materials furnished though value of work was fixed by special contract, especially where defendant prevented full performance.

Error to Wayne; Lamb (Fred S.), J., presiding. Submitted October 9, 1930. (Docket No. 41, Calendar No. 35,198.) Decided December 2, 1930.

Assumpsit by Crotser Lumber & Fuel Company, a Michigan corporation, against Michael A. Mahoney for labor and material. Judgment for plaintiff. Defendant brings error. Affirmed.

*Nicholas J. Rothe,* for plaintiff.

*John E. Moloney,* for defendant.

POTTER, J. Plaintiff sued defendant, declaring on all the common counts in assumpsit, and filed a bill of particulars showing $1,022.55 due from defendant to plaintiff. The case was tried without a jury and a judgment of $1,333.67 rendered for plaintiff against defendant. Defendant brings error. Defendant ordered plaintiff to furnish lumber and mill work for a 31-family apartment to be built by defendant. Plaintiff furnished certain material, and the labor and material by and from which was manufactured other milled material. Defendant refused to carry out the contract and neglected to pay plaintiff. Defendant objected to the introduction in evidence of the contract.

Recovery may be had under the count for work done and materials furnished though the value of the work was fixed by special contract, especially where the defendant prevented its full performance. *Mooney* v. *York Iron Co.,* 82 Mich. 263; *Hemminger* v. *Western Assurance Co.,* 95 Mich. 355; *Howell* v. *Medler,* 41 Mich. 641. Under the undisputed facts plaintiff was entitled to recover for the labor done and material furnished in pursuance of the written order of defendant. Judgment affirmed, with costs.

WIEST, C. J., and BUTZEL, CLARK, MCDONALD, SHARPE, NORTH, and FEAD, JJ., concurred.